BYRON BACON *v.* LEWIS BILLS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—218.]

**Partition and Sale of Infant's Real Estate.**

Courts of equity are given authority by Civ. Code 1876, § 490, to sell real estate jointly owned by two or more parties even if the parties are infants, where such real estate can not be divided without impairing its value, and this may be done without specific reference to the maintenance or education or the investment of the proceeds in other property.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 6, 1884.

OPINION BY JUDGE LEWIS:

This action was brought by Lewis, Charley and Henry Bills, infants and heirs at law of Lewis Bills, deceased, by their statutory guardian, W. A. Klusondorff, against Elizabeth Bills, widow and administratrix, and Laura and William Bills, also infant heirs at law of deceased, for the purpose of obtaining judgment of the Louisville Chancery Court for the sale of certain real property left undisposed of by the deceased, and the division of the proceeds of such sale among those entitled thereto. One parcel of the property sold in pursuance of the judgment of court was purchased by appellant, Bacon. From the order of court overruling his exceptions and confirming the commissioner's report of the sale to him he has appealed.

The ground upon which the exceptions are based, being substantially the same as set forth in the assignment of errors, is that the proceedings in the action do not conform to the statute in such

cases because: 1. The infants are not before the court upon the amended petition upon which the property in question is for the first time described and the sale of it sought. 2. The property is not sold for either maintenance, education or reinvestment. The action is not prosecuted by the guardian against his wards.

In the original petition upon which process was issued and served upon all the defendants the greater part of the real estate in quantity and value was described and a sale of it asked. Subsequently an amended petition was filed in which it was stated that the parcel of property in contest, which forms an inconsiderable portion in value of the entire real estate sought to be sold, was omitted to be mentioned in the original petition because the plaintiffs were not aware of its existence. But the same reasons were alleged and subsequently proved to exist for the sale of it that applied to the other property; and moreover, even if it had been necessary to issue and have served a summons on the amended petition, the answer thereto filed by the infant defendants by their guardian should be held sufficient to cure the defect.

By Gen. Stat., ch. 63, art. 5, § 6, it is provided that "if lands be held by joint tenants in common, or coparceners, and the court shall be satisfied from the proof that the same is not susceptible of division, or that a division thereof would materially impair its value, it may upon petition of any one interested order a sale of the entirety and make division of the proceeds among those entitled. If infants or persons of unsound mind are interested it shall be the duty of the court, before ordering such sale, to take like steps and require like proceedings as are provided in article 3 of this chapter."

Civil Code, § 490, is as follows: "A vested estate in real property jointly owned by two or more persons may be sold by order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant. 1. If the share of each owner be worth less than $100. 2. If the estate be in possession and the property can not be divided without materially impairing its value, or the value of the plaintiff's interest therein.

It thus appears that authority is given courts of equity by both the general statutes and the civil code to sell real property jointly owned by two or more parties, even if they be infants and the

property can not be divided without materially impairing its value, upon the allegation and proof that the interest of the infant requires such sale, without a specific reference to his maintenance or education or the investment of the proceeds of the sale in other property.

Civil Code, § 35, requires the action of a person under disability to be brought by his guardian, curator or committee. As the Civil Code does not make any exception to this general rule under the proceedings authorized by § 490, we do not think it was necessary in this case that the infants who sued by their guardian should have been made defendants to the action and served with process.

In any respect the proceedings in this case were in substantial compliance with the law by which they are authorized, and the exceptions to the report of sale were properly overruled. The judgment is *affirmed.*

*Byron Bacon, for appellant.*
*Randolph H. Blain, for appellees.*