## Dodd v. Scott, et al.

(Decided November 10, 1911.)

Appeal from Fayette Circuit Court.

1. Decretal Sale—Indivisible Property—Sale—Exceptions of Purchaser at Sale.—The purchaser of real estate at a decretal sale cannot complain that the wife of one jointly interested in the proceeds of the property, but not joining her husband as a plaintiff in the action, was by the circuit court allowed thirty days' time, after confirmation of the sale, to execute to the purchaser, in conjunction with her husband, a deed conveying him whatever interest she had in the property, as the order confirming the sale reserved to the court the right to set aside the sale, if she failed to execute the deed in the time allowed.

2. Will of Joint Owner—Legatees Under—Parties.—Legatees under the will of one of the joint owners of the real estate were not necessary parties to the action for its sale, as the legacies to them did not constitute a charge upon the real estate devised by the testator; being first payable out of the personal estate left by him, it devolved upon the purchaser to prove on the trial of his exceptions to the report of sale that the personal estate was insufficient to pay the legacies, which he failed to do, hence, it will be presumed it was sufficient.

3. Same—Vested Remainder.—The remainder devised by the will of the testator to his nieces, who were parties to the action, being a vested remainder, the sale of the indivisible real estate involved in this action in which the testator owned at the time of his death an undivided interest, was authorized by section 490, subsection 2, Civil Code.

RIVES & SHANNON for appellant.

GEO. S. SHANKLIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal brings to us for review a judgment of the Fayette Circuit Court, overruling certain exceptions filed by appellant to the commissioner's report of sale of a lot in the city of Lexington under a decree of that court, of which property appellant became the purchaser.

Although twelve exceptions were filed by appellant, only three of them are relied on for a reversal; and these will be considered in the order presented.

The real estate in question was conveyed by deed of September 27th, 1906, from G. A. DeLong and wife to D. F. Frazee and John McClintock, trustees. Simultaneously with the execution of this deed the grantors and grantees entered into a writing, whereby it was agreed between them, that the grantees should hold in trust the title to the lot conveyed by the deed, sell and convey the lot, and divide its proceeds among the following persons in the proportions here indicated: D. F. Frazee, $1,366.67; John McClintock, $500; Joseph M. Scott, $333.33, and G. A. De-Long, $100. The writing further provided, that if the lot should sell for more money than would pay each of the persons named the amount he was entitled to receive, and whatever taxes might be owing on the property, the remainder should be paid to G. A. DeLong.

It will be observed from the foregoing writing that the trust imposed by the deed was nothing more than a naked power to the grantees to hold the title, sell and convey the property, and apply the proceeds as by the writing directed, without fixing the time of sale. No sale of it was made by the trustees, and one of them, D. F. Frazee, died in February, 1909, testate. His will was thereafter admitted to probate and Tucie Frazee, his wife, appointed executrix by the will, duly qualified in that capacity. G. A. DeLong also died in 1910, testate, and his will was likewise admitted to probate. The will made his wife, Ida Curtis DeLong, sole devisee and the executrix thereof, and her qualification as such immediately followed the probating of the will. As the lot conveyed by the deed of trust from DeLong and wife to Frazee and McClintock was indivisible and its sale necessary, in order to make division of its proceeds among the cestuis que trust, as required by the simultaneously executed writing expressing the trust, John McClintock, surviving trustee under the deed, Joseph M. Scott, Tucie Frazee as executrix of and devisee under the will of D. F. Frazee, deceased, and Ida Curtis DeLong executrix of and sole devisee under the will of G. A. DeLong, deceased—the parties named being the persons among whom the proceeds of the lot are to be divided—brought this action under section 490, subsection 2, Civil Code, to obtain a decree for the sale of the lot described in the deed of trust and for a division of the proceeds, as provided by the writing manifesting the trust created by the deed.

Lida F. Wilson, Bettie Asbury and Anna Humlong, nieces of D. F. Frazee and devisees in remainder under his will, together with their husbands, respectively, C. B. Wilson, Charles T. Asbury and D. Y. Humlong, were made defendants and duly summoned in the action.

The defendants did not resist the right of the plaintiffs to a sale of the lot, or file exceptions to the report of sale, the only complaint thereof came from appellant, purchaser at the sale, whose exceptions we will now consider.

It is insisted for him that the wife of John McClintock, one of the trustees named in the deed of trust from DeLong and wife, and also a beneficiary of the trust, was a necessary party to the action, and that as she was not made a party the judgment for the sale of the property was void. In answer to this complaint we think it sufficient to say that it is unnecessary to determine whether Mrs. McClintock should have been made a party to the action, as this alleged defect in the proceedings was cured by her conveying, in conjunction with her husband, to appellant, whatever interest she had in the lot; the deed having been executed, properly acknowledged and tendered in open court for delivery to appellant, after the confirmation by the court of the report of sale.

The validity of the sale was not affected by the action of the court in allowing thirty days for the execution and delivery of this deed, or in confirming the sale before the execution and tender of the deed. It would have been more regular to have delayed the confirmation of the sale until the deed had been executed and tendered, but as the order of confirmation reserved to the court the right to set it aside, and also the sale, if Mrs. McClintock failed to execute and tender the deed within the thirty days, it sufficiently guarded appellant's rights as purchaser of the property.

We are also unable to see that the extension of time for the execution and tender of the deed, a few days beyond the thirty days, was prejudicial to appellant's rights. He failed to show that injury was thereby caused him, or the property. When tendered, the deed was in correct form, properly acknowledged, and as effective as if earlier delivered.

It is further insisted for appellant that the real estate left by D. F. Frazee, including his interest in the lot sold in this case, is by the provisions of his will charged with the payment of certain legacies which are to

be satisfied at the termination of the life estate in his property, real and personal, devised his wife by the will, and that for this reason none of the real estate can be sold until the legacies are discharged. There is nothing in the will itself indicating an intention on the part of the testator to charge the real estate with the payment of the legacies, therefore, under the well known rule obtaining in this jurisdiction the personal estate of the testator must be first exhausted before his real estate can be applied to the payment of the legacies. Porter, et al. v. Ford, et al., 9th R., 704; Brown v. Logan's Admr., 10th R., 897.

As D. F. Frazee died in February, 1909, and this property was not sold until 1911, and more than six months having elapsed after the death of D. F. Frazee without the bringing of a suit by a creditor or legatee to subject the property to his claim or legacy, appellant as a bona fide purchaser at the decretal sale secured the title thereto, clear of such demands, as provided by section 2087, Kentucky Statutes.

In addition, it devolved upon appellant to show on the trial of his exceptions that D. F. Frazee did not leave personal estate sufficient to pay the legacies referred to, and this he wholly failed to do. So in the absence of proof conducing to show that the personal estate of the testator was insufficient to pay the legacies, we will not presume that such is the case.

For the foregoing reasons we do not agree with appellant's counsel that the legatees were necessary parties to the action.

The remaining contention of appellant is that the provisions of the will which devised to his nieces, named therein, the estate at the termination of the life estate of his wife and after the payment of the legacies referred to made the devise to the nieces a contingent remainder, for which reason there could be no sale of the lot in question under section 490, subsection 2, Civil Code. In other words it is claimed that the property is not a vested estate in possession, in the meaning of section 490, Civil Code. We think appellant's counsel in error in assuming that the remainder devised the nieces, is a contingent remainder.

"A contingent remainder is a remainder limited to an uncertain person, or on an uncertain event, or so limited to a certain person and on a certain event as not to possess the present capacity to take effect in possession

should the possession become vacant.'' Fearne on Re-mainders, 116-117; Minor's Institutes, Vol. 2, 389.

As further said in Minor's Institutes (Vol. 2, page 389):

''The grand criterion of a vested remainder is its present capacity to take effect in possession should the possession become vacant.''

Under the provision of the Frazee will creating the remainder, the residue of the testator's estate after termination of the wife's life estate, and the payment of the several general legacies, goes to the testator's nieces, daughters of his brother, Samuel A. Frazee, and in this connection the will adds: ''Should any of said children of said Samuel A. Frazee to-wit, Lydia F. Wilson, Bettie Asbury and Anna Humlong die leaving issue (meaning before the termination of the widow's life estate), they, the child or children of said Lydia F. Wilson, Bettie Asbury and Anna Humlong, shall take the part of my estate their parents would have received under the will.'' It will be seen that there are no limitations over, the remaindermen are named and are certain. The present capacity to take effect in possession is also present, because upon the death of Mrs. Frazee the daughters of Samuel A. Frazee take possession at once. It is patent, therefore, that the remainder is a vested one.

We think this case is controlled by the opinion in Keene v. Tilford, et al., 81 Ky., 605, and those of the cases of Atherton v. Warren, et al., 120 Ky., 151, and Harding's Exrs. v. Milward's Exrs., 28 R., 776.

The proceeds of sale in this case are yet in the hands of the commissioner, and we must assume that whatever taxes there are against the property will be paid by order of the court. As the city of Lexington has a sewer across one corner of the lot, that fact gives it a mere easement for the purpose of maintaining the sewer and constitutes no encumbrance upon the property.

Being of opinion that the circuit court committed no error in overruling appellant's exceptions to the report of sale, the judgment is affirmed.