## Scott v. Graves, et al.

(Decided March 28, 1913.)

### Appeal from Franklin Circuit Court.

1. Judicial Sales—Infants—Parties—Sub-section 2, Section 490, Civil Code.—In an action brought pursuant to sub-section 2, section 490, Civil Code, to sell land jointly owned on the ground of indivisibility, it is not necessary that an infant joint owner be made a party defendant, or that a guardian ad litem be appointed for such infant, but if the guardian of such infant unite with the other joint owners as a party plaintiff, the infant is properly before the court.

2. Judicial Sales—Proof of Indivisibility—Sufficiency.—Where the pleadings and exhibits not only make it plain that land jointly owned cannot be divided without materially impairing its value, but in addition thereto there is a deposition to this effect, a judgment decreeing a sale of the land on the ground of indivisibility is proper.

3. Judicial Sales—Infant's Real Estate—Sub-section 2, Section 490, Civil Code—Sale Beneficial to Infant—Not Necessary to Show.— In a suit brought pursuant to sub-section 2, section 490, Civil Code, to sell land jointly owned on the ground of indivisibility, it is not necessary to allege or prove that a sale would be to the interest of an infant joint owner.

4. Judicial Sales—Dower—Judgment.—Where a wife enters her appearance to an action and consents that land may be sold free of her dower right, and agrees to look to the proceeds for any claim of dower she may have, the purchaser acquires title free of her claim of dower, and cannot complain that her dower rights were not fixed in or before the judgment of sale.

5. Judicial Sales—Date of Sale.—While it is customary to direct that sales made by the master commissioner shall be held on the first day of some regular term of the circuit or county court of the county in which the sale is had, there is no provision of the statutes or code requiring this to be done, and the judge ordering the sale may fix the date of sale on some other day.

6. Judicial Sales—Advertisement—Posted Notices—Section 696, Civil Code—Section 14a, Kentucky Statutes.—There is no provision of the code or statutes requiring judicial sales made by the master commissioner to be advertised by posted notices. The court ordering the sale has the power, under section 696, Civil, Code, to direct how the sale shall be advertised, subject to the limitation prescribed in section 14a, Kentucky Statutes, and the further limitation that the advertisement shall be reasonably sufficient to properly advertise the sale; and an advertisement in a daily newspaper published in the county for ten days, including the day of sale, is not only a compliance with the statute, but is reasonably sufficient.

7. Judicial Sales—Infant's Real Estate—Guardian's Bond—Share of Infant—Lien on Land.—Where in an action brought pursuant to sub-section 2, section 490, Civil Code, to sell land on the ground of indivisibility, the guardian of an infant joint owner, before the order of sale, executes bond required by section 493 of the Civil code, the share of such infant does not remain a lien on the land, but is payable directly to the guardian.

ELWOOD HAMILTON for appellant.

GEO. C. WEBB, J. EMBRY ALLEN and FRANK CHINN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On February 23, 1896, Elenora Scott died testate a resident of Franklin County, Kentucky. By her will, dated May 10, 1893, and duly probated in the Franklin County Court, she devised all of her property to her son, John R. Scott, and provided that if he should die without legal issue, the property should go one-half to her sister, Addie Graves, and the other half should be equally divided between Elenora Veal, Elenora Allen, Docia Scrugham and Mattie Jones. The will gave her son, John R. Scott, the power to sell any of the lands devised to him, but directed that it should be re-invested by the Security Trust & Safety Vault Company, of Lexington, Kentucky. At the time of the death of the testatrix she owned a certain tract of land in Fayette County, Kentucky. On July 3, 1901, John R. Scott sold the Fayette County land and re-invested the proceeds in a tract of land containing about 70 acres, situated on South Elkhorn Creek, in Franklin County, Kentucky. The re-investment in the Franklin County land was made with the approval of the Security Trust & Safety Vault Company, of Lexington, Kentucky.

Addie Graves, Elenora Allen, Docia Scrugham and Mattie Jones all survived the testatrix, and are still living. Elenora Veal, mentioned in the will, died February 29, 1912, leaving as her only heirs her daughter, Elizabeth Bosworth, and an infant grandchild, Mary E. Helburn, the only child of Mary C. Helburn, another daughter, who died August 23, 1912.

John R. Scott died January 9, 1912, without legal issue. By his will, which was duly probated in the Franklin County Court, he devised all of his property to his

wife, Lelia W. Scott. Upon the death of John R. Scott, the 70 acre tract of land in Franklin County, Kentucky, passed to the following parties in the following proportions: Addie Graves, one-half; Elenora Allen, one-eighth; Docia Scrugham, one-eighth; Mattie Jones, one-eighth; Elizabeth Bosworth, one-sixteenth; Mary E. Helburn, one-sixteenth.

Plaintiffs, Addie Graves, a widow; Elenora Allen, a single person; Docia Allen, a single person; Mattie Jones and her husband, Roger Jones, Elizabeth Bosworth and her husband, Joe F. Bosworth; Mary E. Helburn, an infant under 14 years of age, through and by her guardian, Emil S. Helburn, and Emil S. Helburn as guardian of Mary E. Helburn, an infant under 14 years of age, brought this action pursuant to sub-section 2, section 490, Civil Code, against Lelia W. Scott and the Security Trust & Safety Vault Company, a corporation, of Lexington, Kentucky, to sell the 70-acre tract of land in Franklin County, Kentucky, on the ground that plaintiffs were the joint owners of and in possession of the land, and it could not be divided without materially impairing its value or the value of plaintiffs' interests therein. Defendant, Lelia W. Scott was made a party because she was asserting a dower interest in the land in controversy. The Security Trust & Safety Vault Company, of Lexington, Kentucky, answered and said that it had approved of the sale of the Fayette County land and the re-investment of the proceeds in the tract in controversy, and it had no further interest in the land or in the proceeds. The defendant, Lelia W. Scott, entered her appearance and consented that the property be sold free from her right of dower, and agreeing to look to the proceeds of the sale for any claim that she might have in this respect.

A copy of the appointment and qualification of Emil S. Helburn as guardian of Mary E. Helburn, his infant daughter under 14 years of age, made in the Bell County Court on March 18, 1909, and duly certified by the clerk of the Bell County Court, are filed with the petition. On January 11, 1913, Emil S. Helburn executed to the infant plaintiff, Mary E. Helburn, the bond required by section 493, Civil Code, with Joe F. Bosworth and J. E. Evans as sureties. Accompanying the bond are affidavits as to the amount of property owned by the sureties. The bond in question was examined and approved by the judge in open court on January 11, 1913.

Proof having been taken on the question of indivisibility of the property in question, the court thereafter entered judgment adjudging that the property could not be divided without greatly and materially impairing its value and the value of the interest of each of the plaintiffs therein, and directing that the property be sold as a whole on January 27, 1913, upon credits of six and twelve months. The master commissioner was directed to make the sale after advertising the time, place and terms thereof and a description of the property for at least ten days, including the day of sale, in the State Journal, a daily newspaper published in Frankfort, Kentucky. The sale took place as directed in the judgment, and James Andrew Scott became the purchaser at the price of $6,240. He filed numerous exceptions to the sale, all of which were overruled. To review the propriety of the court's rulings on his exceptions, he prosecutes this appeal.

(1) The first and third exceptions filed by the purchaser are based on the contention that the infant, Mary E. Helburn, was not made a party to the action except through her guardian, and as she was not made a party defendant to the action, and no guardian *ad litem* was appointed for her, she was not properly before the court. The petition shows that Emil S. Helburn, as guardian of the infant, Mary E. Helburn, and Mary E. Helburn, through and by her guardian, united in the suit as plaintiffs. In the case of Shelby, &c. v. Harrison, 84 Ky., 144, it was held that a guardian may bring an action for his ward pursuant to sub-section 2, section 490, Civil Code, and obtain an order of court for a sale of joint property, without making the ward a defendant. It was also held that even where the infant was a defendant, no guardian *ad litem* was necessary, nor was it necessary that the infant be served with summons, but that in such a case the guardian of the infant could enter his appearance and such appearance was sufficient to bring the infant before the court. In the more recent case of Ellis v. Smith, 147 Ky., 99, it was held that a guardian might bring an action pursuant to sub-section 2, section 490, Civil Code, for and on behalf of his ward without making the infant either party plaintiff or defendant. It follows, therefore, that the infant, Mary E. Helburn, was properly before the court.

(2) The second ground of exception is that the proof is insufficient to show that the property was indivisible or that it was to the interest of the infant that it be sold. There is in the record the deposition of a party who knew the land and its location. He fully describes the land and testifies to facts showing that the land could not be divided without materially impairing its value or the value of plaintiffs' interest therein. In addition to this evidence, the pleadings and exhibits show that the land consists of only about 70 acres, and is located several miles from town. It is perfectly apparent that it was practically impossible to divide this small tract of land into eighths and sixteenths without materially impairing its value. We therefore conclude that the pleadings and proof on the question of indivisibility are amply sufficient to justify the judgment. As has been repeatedly held, it was not necessary to allege or prove in the action brought pursuant to sub-section 2, section 490, that it was to the interest of the infant that the land be sold. Foley v. Graham's Guardian, &c, 33 Ky. L. Rep., 627, 110 S. W. 838.

(3) The fourth ground of exception is that the dower interest of Lelia W. Scott was not determined before the land was ordered to be sold. This was not necessary. She was made a party defendant and filed her answer consenting to the sale. She agreed that the sale might be made free from her claim for dower, and that she would look to the proceeds of the sale for any claim of dower that she might have. The purchaser, therefore, acquired title free from her dower rights.

(4) It is next insisted that the sale is invalid because not held on the first day of some regular county or circuit court, and for the further reason that it was not properly advertised, in that no written notices of the sale were posted at the court house door and in three other public places in the vicinity of the land for fifteen days next preceding the sale.

While it is usual to direct sales by the master commissioner to be made on the first day of some regular term of the circuit or county court, there is no provision of the code or statutes requiring this to be done, but, on the contrary, it is within the power of the court ordering the sale to fix the date of sale.

Section 696, Civil Code, provides that judicial sales

shall be made after such notice of the time, place and terms of the sale as the order may direct.

Section 14-a, Kentucky Statutes, provides:

"That in addition to the notices now required by law to be posted all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published at least once a week for three consecutive weeks next preceding the day of sale; Provided, That, in counties where there is a daily newspaper published or in general circulation, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. The advertisement shall state the time, place and terms of sale, and shall give a description of the property to be sold: Provided, That the newspaper advertisement herein provided shall not be necessary where the appraised value of the property to be sold is less than one hundred dollars, to be ascertained by appraisement in each case as now provided by law."

While in the case of sales of land under an execution, the posting of written notices at the court house door and three other public places in the vicinity of the land is required, sub-section 2, section 682, Kentucky Statutes, there is no provision of the code or statutes requiring the posting of such notices in the case of sales made by a master commissioner. The only statutory limitation on the power of the court to direct how the sale shall be advertised is contained in section 14-a, *supra,* which provides that such sale shall be advertised in some newspaper published in the county of said sale at least once a week for three consecutive weeks next preceding the day of sale; with a proviso that where there is a daily newspaper published in said county, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. We conclude, however, that in addition to this statutory limitation, the right of the court under section 696 of the code, *supra,* to fix the manner of advertising the sale is subject to the further limitation that the advertisement shall be reasonably sufficient to properly advertise the sale. In the present case, the sale was directed to be advertised in The State Journal, a daily newspaper published in Frankfort, Kentucky, for a period of ten days, including the day of sale. The adver-

tisement, therefore, not only complied with the terms of the statute, but we think was reasonably sufficient.

(5) The last exception is based on the contention that the judgment of sale fails to provide that the interest of the infant should remain a lien on the land until she became of age.

Section 497, Civil Code, provides:

"1. In the action mentioned in sub-section 2 of section 490, the share of an infant, or of a person of unsound mind, shall not be paid by the purchaser; but shall remain a lien on the land bearing interest until the infant become of age, or the person of unsound mind become of sound mind, or until the guardian of the infant, or the committee of the person of unsound mind, execute bond as required by section 493.

"2. The infant upon becoming of age, or the person of unsound mind upon becoming of sound mind, or the guardian or committee of the infant or person of unsound mind, upon executing bond, may receive the proceeds; but if the infant be a married woman, the provisions of sub-section 6 of section 494 must be complied with.

"3. The proceeds when received by a married woman shall be her separate property.

"4. The court may permit the guardian or committee, without executing the bond above mentioned, or the married woman, though she be an infant, to receive the interest on the money until it is paid."

Even if there had been no bond executed by the guardian, as required by section 493 of the Civil Code, it would not have been necessary to provide in the judgment that the share of the infants should remain a lien on the land until she arrived at age or until bond was executed. The code itself so provides, and a provision to that effect in the judgment could not have added any force to the code provision. Here the bond required by section 493, Civil Code, was executed by the guardian before the order of sale was made. Therefore, by the express provision of the code, the share of the infant no longer remained a lien on the land sold, but was payable to the guardian.

It follows that appellant's exceptions to the sale were all properly overruled.

Judgment affirmed.