## Harris, et al. v. Hopkins, et al.

(Decided October 12, 1915.)

### Appeal from Floyd Circuit Court.

1. **Judicial Sales—Sale of Infants' Real Estate—Jurisdiction.**—Where a sale of land belonging to infants was adjudged for their education and support and the sale was made and confirmed, and the parties were properly before the court and it had jurisdiction of the subject matter, if there was error in the proceedings their remedy was by appeal or steps to vacate the judgment within one year after arriving at age.

2. **Judicial Sales—Purchase by Guardian.**—Where the plaintiff, guardian, was purchaser at the decretal sale and bonds were executed and approved and the sale confirmed, the sale is not void.

3. **Judicial Sales—Ownership Adjudged.**—Where it appeared that neither the judgment nor sale was void and no steps were taken to reverse, vacate or modify it, the lower court properly adjudged appellees, who were bona fide purchasers, to be the owners of the land.

C. B. WHEELER for appellants

F. A. HOPKINS, J. C. HOPKINS and JAMES GOBLE for appellees.

OPINION OF THE COURT BY JUDGE NUNN.—Affirming.

While appellants were infants their land was sold by order of court in an action instituted by Joel C. Martin, as their guardian. The purpose of the action was to secure funds for their education. All the parties were properly before the court, and the land was within the jurisdiction of the court.

Martin, although plaintiff in the action and guardian for the infants, was purchaser at the decretal sale. The sale was confirmed and commissioner's deed made to him May 2nd, 1890. The action was brought under section 489 of the Civil Code and the bond required in such cases was properly executed, approved and recorded. Martin sold the land to Hopkins and Hopkins subsequently sold portions to the other appellees. In 1908 Hopkins brought this action against appellants, George B. Harris, who was then 27 years of age, and Noah Harris, who was 31 years of age, alleging that they were setting up claim to the land and casting a cloud upon his title, and sought a judgment quieting his title and enjoining the appellants from making further claim.

The appellants filed answer, counterclaim and cross petition whereby they set up title in themselves and made the vendees of Hopkins parties to the action. Hopkins and his vendees controverted the affirmative matters in the answer, and also claimed the land by adverse possession for a period of more than 15 years.

The court adjudged that Hopkins and his vendees were the owners. The real question presented is whether in the action of Martin against the infants the judgment and sale thereunder are void. If voidable merely, or if there was error only in the proceedings the remedy for the infants was to appeal from the judgment within one year after removal of disability. Civil Code, section 745. Or within that time take steps in the court rendering the judgment to have it vacated or modified. Civil Code, sections 518 and 391.

Appellants insist that the judgment was void because Joel C. Martin did not state in the caption of his petition that he was acting as guardian; that the petition does not allege that the sale was necessary for "maintenance and education," but merely for the "education" of the wards; that the judgment ordered sale of the land without specifically adjudging that it was necessary in order to educate and support the infants. They contend that the sale was void because their guardian was the purchaser, and that if not void he at least held it in trust for them.

None of the criticisms directed at the proceedings are sufficient to render the judgment void. At most the matters referred to are errors and the remedy was by appeal or steps to vacate the judgment. Until the judgment be reversed on appeal, or modified or vacated by direct proceedings, it is binding on all the parties thereto.

As said in Dawson v. Litsey, 10 Bush, 412, in considering a collateral attack upon a judgment rendered in proceedings where the parties and the subject matter were within the jurisdiction of the court:

"Such errors are voidable only, and can be corrected alone by some direct proceeding furnishing grounds for vacating the judgment, as provided by the Code, or by an appeal; and it is only in cases where there is an entire want of jurisdiction that such judgment can be collaterally questioned." Dorsey v. Kendall, 8 Bush, 299; Revill's Heirs v. Claxton's Heirs, 12 Bush, 563; Ogden v. Stephens, 98 Ky., 566; Oliver v. Park, &c., 101 Ky., 1.

Neither does the fact that the guardian was the purchaser void the sale. At most it was voidable at the option of the infants. When it appears that the sale was reported, and the bonds executed and approved and the sale confirmed by the court, it stands as a valid sale until it is set aside or vacated after steps taken in the manner already referred to, and even then the title of Hopkins and his vendees would not be affected unless it be made to appear that they were not bona fide purchasers. Civ. Code, Section 391.

As said in Clements v. Ramsey, 9 Ky. L. R., 174:

"The purchase was made by the guardian in his own right. Having been made by the guardian, the chancellor could have refused to confirm the sale. He saw proper to confirm it and directed a deed made to him by the commissioner. That deed invested him with title, and where he sold to a third party, the latter held it against the infant and all others claiming under him. The sale was not void." Morrison v. Garrett, &c., 15 Ky. L. R., 305; Faucett v. Faucett, &c., 1 Bush, 511.

It appearing that neither the judgment nor sale was void, and that no steps were taken to reverse, vacate or modify, we conclude that the lower court properly adjudged that the appellees were the owners of the land, and the judgment is, therefore, affirmed.