# City of Owensboro et al. v. Hardwick et al.

(Decided February 4, 1930.)

752

O. L. FOWLER, R. MILLER HOLLAND and E. B. ANDERSON for appellants.

HERMAN A. BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Certain purchasers of real property, sold pursuant to a decree of court, excepted to the report of sale and objected to confirmation on the ground that a good title had not been acquired. The circuit court overruled the exceptions and confirmed the sale, to reverse which ruling the purchasers have prosecuted an appeal. The action was one for the sale and division of the proceeds of indivisible real estate jointly held and in possession of the parties. Civil Code of Practice, sec. 490. John Thixton, Sr., at the time of his death, in May, 1914, was the owner of the property involved. A paper purporting to be his will was promptly probated in the county court. An appeal was taken to the circuit court resulting in a rejection of the will. By item No. 5 of the rejected will the property involved was devised for life to three of testator's children and one grandchild, with remainder to their respective children, if any. If any of the life tenants died without issue living at the time of the death, the portion devised to such child or grandchild descended to the next nearest of kin. In 1916 an action was filed by the heirs for the assignment of dower to the widow of John Thixton, Sr. A judgment was rendered assigning

dower, pursuant to which a commissioner's deed was made. The estate conveyed to the widow was limited to her life with remainder to the heirs. The widow died in 1925, and this action for the sale of the property, and division of the proceeds, was instituted in 1927. All of the heirs and devisees of John Thixton, Sr., born and unborn, known and unknown, were made parties. One of the daughters had died, but the other two children and the granddaughter were living. Two of the living children have children of their own. The case was regularly prepared, and a decree of sale was entered and executed. At the sale the appellants became the purchasers of certain parcels of property and later filed the exceptions on the ground that under the terms of the will of John Thixton, Sr., the real estate purchased by them had been devised to his three daughters and granddaughter for life with remainder to their respective children in fee simple, and that it was impossible to determine the ultimate owners of the remainder interest, until the death of all the owners of the life estates. It was further alleged that the judgment of the Daviess circuit court rejecting the will of John Thixton, Sr., was a collusive one rendered through fraud committed against the infants, born and unborn, who would take the remainder, when in truth and in fact the instrument was the true will of the testator and the proponents were able and had evidence sufficient to establish the will. Without so deciding, it may be assumed that the exceptions state sufficient grounds for vacating the judgment of the circuit court rejecting the will, if established in a proceeding for that purpose. But it does not follow that the title of the purchasers of the property sold in this case would be affected. The circuit court had jurisdiction of the will contest, and its judgment is valid until vacated or reversed. Smith v. Bastin, 192 Ky. 164, 232 S. W. 415; Patton v. Sallee, 159 Ky. 285, 166 S. W. 1004; Moore v. Shifflett, 208 Ky. 461, 271 S. W. 551. If it be assumed that the judgment is voidable, the fact remains that it was not subject to a collateral attack. Wayne v. Brumley, 190 Ky. 488, 227 S. W. 996; Smith v. Bastin, supra. The exceptions filed in this case constituted a collateral attack on the judgment. Hicks v. Winn, 198 Ky. 192, 248 S. W. 499. It is clear, therefore, that the sale could not be set aside on the ground set forth in the exceptions.

It is insisted, however, that the mere possibility of the judgment being vacated by some of the infants cast

such a cloud upon the title of the purchasers as to warrant the court in sustaining the exceptions. If the judgment rejecting the will should be vacated, and a trial of the will contest result in establishing the will, the purchasers of the land in this case could not be disturbed. It is provided by the Civil Code that the vacation of a judgment by an infant shall not affect the title of a bona fide purchaser under it. Civil Code of Practice, sec. 391; Harris v. Hopkins, 166 Ky. 147, 179 S. W. 14; Crume v. Sherman, 185 Ky. 376, 215 S. W. 196. The appellants were not parties to the suit prior to their bidding at the sale, and were bona fide purchasers within the meaning of the law. Webb v. Webb's Guardian, 178 Ky. 152, 198 S. W. 736; Vanmeter v. Vanmeter, 88 Ky. 448, 11 S. W. 80, 289, 10 Ky. Law Rep. 906. The present judgment was rendered by a court having jurisdiction of the subject-matter and of all the parties interested, directly or indirectly, in the title, whether the will be hereafter established or its rejection be confirmed. Whatever rights any of the parties may have had in the property are extinguished by the judgment of sale, and the purchasers acquire the title of all the parties to the suit. The interests of the parties, whatever thay may be, vest in the proceeds of the sale, and do not persist in the real estate sold under these circumstances.

As to the unborn children, they are embraced by the doctrine of virtual representation, since some of the class to which the remaindermen all belong are actual parties to the present suit, and all of them served with process in accordance with the provisions of the Code. Civil Code of Practice, sec. 691; Masonic Widows' and Orphans' Home v. Hieatt Bros., 197 Ky. 301, 247 S. W. 34; Lowe v. Taylor, 222 Ky. 846, 2 S. W. (2d) 1042. If the purchasers get a perfect title, the mere supposition that litigation might arise affords no ground for exceptions to a sale. Wolverton v. Baynham, 226 Ky. 214, 10 S. W. (2d) 837. Obviously, the collateral attack on the judgment of the Daviess circuit court rejecting the will may not be considered in this action, except to determine whether the judgment was void or voidable; and since this suit to sell land of which the court had jurisdiction, and in which all persons in interest, whether actual or potential, were made parties, and brought before the court, the judgment of the court directing a sale of the property divested the title of all the parties to the action and those now or hereafter in privity with them.

The judgments of sale and confirmation thereof in this case are not affected by anything that may be done respecting the will contest, as.the title of all the claimants is conveyed to the purchasers here. The exceptions presented were tried by Hon. Thomas E. Sandidge, as special judge, and his able and exhaustive opinion thereon has been especially helpful to us in the consideration and disposition of the case.

The judgment is affirmed.