## Clark v. Satterfield's Administrator et al.

(Decided March 28, 1930.)

I. B. ROSS for appellant.

ROBT. H. WINN, W. C. HAMILTON, C. W. GOODPASTER and JOSEPH BULLOCK for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

William C. Satterfield, died intestate and a resident of Bath county in August, 1928, leaving surviving him as his only heirs, a daughter, the plaintiff and appellee Mrs. Emma Applegate, and a granddaughter, the plaintiff and appellee Evelyn Satterfield, an infant for whom another plaintiff and appellee, James C. Blount, is the duly appointed and qualified statutory guardian. A month or more before the death of William C. Satterfield, his widowed sister, Mrs. Almira W. Bradshaw, died a resident of Bath county, leaving no descendant surviving her, but only collateral heirs. She left a last will and testament by which she devised to her brother, the deceased, William C. Satterfield, all of her property after the payment of debts and funeral expenses and which was duly probated in the county court of Bath county. Shortly after her death and before the death of William C. Satterfield, the sole legatee and devisee therein, other collateral kindred instituted contest proceedings; but before a trial thereof the statutory guardian of the infant, Evelyn Satterfield, and other adult contestees and interested parties, agreed upon a settlement of the contest by paying to contestants in the aggregate the sum of $2,500 to be realized from the estate of the testatrix.

Mrs. Bradshaw some time before her death borrowed from the appellee and defendant below, the Mutual Benefit Life Insurance Company, the sum of $7,000, evidenced by notes of different amounts and due at future different periods, and all of them secured by a mortgage on the farm of testatrix, located in Bath county, and containing slightly more than 298 acres. The mortgage and the notes contained precipitating clauses whereby the holder of the indebtedness might declare all of it due and proceed to collect it by enforcement of the lien, upon default of payment of any installment of the principal or

interest thereon. Mrs. Bradshaw before her death reduced that indebtedness to $5,500, leaving that amount due and unpaid at the time of her death with default in some payments authorizing a precipitation of the due date.

Some time prior to the death of William C. Satterfield, a judgment had been recovered against him for nearly $2,000, and, after the death of Mrs. Bradshaw, an execution upon that judgment was levied upon the farm of 298 acres devised to him by his sister, and the plaintiff and appellee, C. W. Goodpaster, became the owner of that debt by purchase; but he expressly seeks to collect only the amount that he paid therefor with interest, which was, at the time of the trial herein, $1,-650. There was therefore due from W. C. Satterfield, and which were liens upon his devised farm, a total principal sum of $9,650 and interest thereon, and both he and his deceased sister owed unsecured debts above the amount of personal property owned by each.

In that situation this equity action was filed in the Bath circuit court by the administrator of W. C. Satterfield, his daughter, his infant granddaughter, by her statutory guardian, and by the latter as guardian for his ward, C. W. Goodpaster, and the other collateral heirs of Mrs. Bradshaw, against the insurance company, and in the petition plaintiffs averred, not only the foregoing facts, but also the fact of the inheritance of the farm by W. C. Satterfield's daughter and granddaughter in equal proportions, and that it could not be divided without impairing its value and the value of each interest, and especially so because of the indebtedness against it, and the prayer of the petition was for a sale of the farm for division of the net proceeds after the payment of the before mentioned indebtedness against it. Out of abundant caution, an appointed surveyor platted the farm into the only subdivisions that could be made of it, which were three parts, and the final judgment ordered the commissioner to offer at the sale he was directed to make the three divisions so made by the surveyor separately and to then offer the farm as a whole and to accept the largest price. At the sale, the appellant, Thomas L. Clark, being the highest bidder, became the purchaser at the price of $20,860; it having been appraised at $19,725.

Bonds were executed by appellant, the purchaser, as directed in the order of sale, and a complete report

thereof was subsequently filed by the master commissioner who made it, whereupon appellant as such purchaser filed exceptions to the report, the grounds of which will be disposed of in reverse order, and they were and are: (1) Error in the description of the tract of land ordered to be sold; (2) failure to introduce legal proof of the indivisibility of the farm; and (3) that the judgment of sale was and is void, because the petition, in addition to seeking division of the farm between its adult and infant joint owners, also sought settlement relief of the estates of both Mrs. Bradshaw and W. C. Satterfield, by reason of which it was necessary for the infant joint owner to be made a defendant in the cause and duly summoned with representation by properly appointed guardian ad litem.

Differently stated, this ground of exception was that, because the action sought incidental and collateral relief by praying for a discharge of the incumbrances upon the farm in addition to the division of its net proceeds, it was one brought, either under the provisions of section 428 of the Civil Code of Practice, or under subsection 1 of section 489 of the same Code—i. e., for the payment of debts of the infant's ancestors, W. C. Satterfield and Mrs. Bradshaw—and that in both of such actions it is a mandatory prerequisite to their validity that the infant owner or owners of the land should be made a defendant or defendants and properly summoned in the cause, and which is undoubtedly true if this (3) alleged ground of exception be true. See cases of Whalen v. Hopper, 152 Ky. 727, 154 S. W. 40; Hicks v. Winn, 198 Ky. 192, 248 S. W. 499; Bowles v. Bowles, 211 Ky. 250, 277 S. W. 260; and other cases referred to in those opinions, wherein this court prescribed the mandatory rule of practice that an infant owner of land in actions to sell it under section 428 or under subsection 1 of 489 should be made a defendant and not a plaintiff either by itself or by statutory guardian alone, and that, unless so done, the judgment and order of sale would be void.

However, in the cases of Bacon v. Bills, 6 Ky. Law Rep. 218; Henning v. Barringer, 10 S. W. 136, 10 Ky. Law Rep. 674; Power v. Power, 15 S. W. 523, 12 Ky. Law Rep. 793; Smith v. Leavill, 29 S. W. 319, 16 Ky. Law Rep. 609; Moore v. Potter-Matlock Trust Co., 167 Ky. 201, 180 S. W. 789; Baker v. Weaks, 178 Ky. 515, 199 S. W. 53, L. R. A. 1918C, 152; and Scott v. Graves, 153 Ky. 221, 154 S. W. 1084, we held that, in an action brought under

either subsection of section 490 of the Civil Code of Practice for the purpose of dividing land partly owned by an infant, or under its subsection 2 for its sale for division, it was not necessary for the infant owner or owners to be made defendants and duly summoned and defense made for them in the cause, but that the action could be maintained in the name of the infant as plaintiff by his statutory guardian or by such guardian alone, and that the contrary rule supra, with reference to proceedings under section 428 and subsection 1 of 489, did not apply to actions brought under section 490 of the Code.

In the cases of Lisle's Adm'r v. Lisle, 183 Ky. 656, 210 S. W. 496, Baxter Realty Co. v. Martin, 185 Ky. 697, 216 S. W. 110, 114, Hambrick v. Smith, 231 Ky. 423, 21 S. W. (2d) 658, and others referred to in those opinions, this court held that it was competent and legal in actions brought primarily under subsection 2 of section 490 of the Civil Code of Practice to join therewith incidental and collateral relief given by section 428 and subsection 1 of section 489 of the same Code. In the Baxter Realty Co. case, which was and is one on all fours as to its facts with those in this one, it was emphatically determined, after a review of this court's prior opinions, that the coupling with a prayer for a division of realty by sale under section 490, subsec. 2, an additional prayer for such incidental and collateral relief as given by the two sections (section 428 and subsection 1 of 489) supra, of the Civil Code of Practice, would not have the effect of altering the rule of practice applicable to actions brought solely under section 490. In other words, it was recognized in the last-cited opinions that, before the joint owners of real estate could divide it, or its proceeds if sold, it was necessary to first ascertain the precise property or its value to be divided, and which could not be done until the debts of the ancestor, or especially the incumbrances upon his land, were ascertained and discharged, and which would leave only the remnant of the property to be divided.

The Whalen case, exclusively relied on by counsel for appellant to sustain this ground of exception to the sale, was referred to, reviewed, and distinguished in the Baxter Realty Company opinion, wherein it was pointed out that, under the facts of the Whalen record, the suit was essentially one that the rule supra required the infant owner or joint owner to be summoned in the action and defense duly made for him, and in which case he could not be made a plaintiff either by himself through

his guardian or solely by the latter as guardian. We repeat that the facts in the Baxter Realty Co. case are as much parallel with those in this one as is usually found to exist. The same objection to the sale was made by the purchaser of the land therein as appellant makes in this case; but, after an extensive and exhaustive discussion of the facts and of the proper rules of practice involved, this court's final conclusion was thus stated in its opinion therein: "In the case we have, taking into consideration the purpose of the suit which was to sell indivisible property jointly owned for the purpose of paying lien debts and dividing the proceeds between the owners, we are well satisfied that the suit properly falls under subsection 2 of section 490 of the Civil Code of Practice. We are also satisfied that in such a suit the debt of the lien creditor may be set up and paid out of the proceeds of sale before distribution between the parties entitled thereto. Therefore it is not necessary that the infant who was under 14 years of age should have been made a defendant, as she had the right to bring the suit through her statutory guardian as plaintiff. . . . In other words, when a suit may be and is brought by a statutory guardian for his infant ward, who is joined as plaintiff, the ward is as certainly before the court and his interest is as certainly protected as if he had been made a defendant and the statutory guardian had filed an answer for him, because in either event the infant is represented by his statutory guardian." We find ourselves still in accord with the principles of that opinion, and from them and those determined in the other cases supra we conclude that this ground is without merit, and it is dismissed.

A number of reasons might be given why ground 2 is without merit, but a sufficient one is that the Code rule requiring proof to be introduced against infants applies only to the establishment of facts asserted by an adverse party to the infant in the litigation and it has no application where the character of proof, though possibly different from what the law prescribes, is directed to the establishment of a fact or facts which the infant as a legal and proper party has himself asserted or joined in the assertion in his pleading. Here, as we have seen, the infant was a proper party plaintiff, and, being so, she, through her statutory guardian, had the right to allege such facts as entitled her to the relief primarily sought by the action, and when so alleged they may be accepted

and treated by the court as true the same as if the pleader had been an adult and his allegations were undenied. Any other rule would destroy the reasoning underlying the opinion in the Baxter Realty Company case and others in accord therewith, and which is upon the theory that an infant joint owner has as much right to have the jointly owned land sold and proceeds divided as has his adult joint owners. When the latter, from any cause, fails to proceed in a way to procure such division, the infant himself may do so as plaintiff, and may allege the facts entitling him thereto. In such case the proof of the facts (so alleged *by* the infant) is not directed to the establishment of an antagonistic fact or facts alleged *against* him by an adverse litigant, which latter must be properly proven, though not denied by the infant; but it is otherwise if the infant himself in a capacity which he has the right to occupy avers the facts. In this case there was abundant proof of the indivisibility of the land, but it was not in the form required by the law. However, for the reasons stated, ground 2 must also be denied, and which closes the opinion, since ground 1 even if meritorious, but which we conclude is untrue, has been abandoned and expressly withdrawn in this court.

Wherefore, for the reasons stated, the judgment is affirmed.