## Pruett et al. v. Pruett's Adm'x et al.

Feb. 12, 1946.

Charles McGough and Charles Ferguson for appellants.

Alvin Lisanby and C. A. Pepper for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

W. D. Pruett died intestate in July, 1943. He left surviving his wife, Mrs. Vina Pruett, and five children by a former marriage, one of whom was an infant serving in the armed forces, and another, a nonresident. Mrs. Pruett qualified as administratrix of Mr. Pruett's estate. She instituted this action to have the real estate

sold to pay her husband's debts and to have the remainder of the estate distributed to the heirs. In the caption of her petition she referred to herself as executrix, and also as Mr. Pruett's widow. She made parties defendant the children and their spouses. In the body of the petition Mrs. Pruett also referred to herself as executrix rather than as administratrix. Warning order attorneys were appointed for the nonresident sons and a guardian ad litem was appointed for the infant. The representatives of both of these children reported that they could make no defense to the action. Neither did the other children make any defense. Judgment went according to the prayer of the petition and the property was sold and the debts paid. Before the final order of distribution Mr. Pruett's children, the appellants, filed a motion asking that the order of sale be set aside on the ground that the nonresident infant had not been proceeded against properly. This motion was overruled and the chancellor ordered a final determination of the cause. In appealing from the order of sale and the final judgment, the appellants are insisting that the judgments are void for numerous reasons.

It is contended that Mrs. Pruett improperly styled herself as executrix rather than as administratrix, and failed to comply with the provisions of the Civil Code relating to the sale of her deceased husband's real estate. It is contended also that the petition was insufficient to comply with an action to settle an estate. While the petition is somewhat ineptly drawn, and certain technical criticisms could be made of it, we think it was sufficient to warrant the granting of the relief sought by Mrs. Pruett. While she did style herself as executrix, the petition and exhibit filed therewith show conclusively that she was serving as the personal representative of her husband's estate. All of his debts, or at least the principal ones, were set forth, and it was alleged that it was necessary to sell the real estate in order to satisfy the indebtedness of the estate. It was set forth also that the property could not be divided without materially impairing the value of each share. This was unquestionably true, and at no time has any assertion to the contrary been made by the appellants.

Criticism is made also of the affidavit upon which the warning order attorneys were appointed. While the wording of the affidavit did not follow the exact wording

of our Code, we think it was sufficient. One of the non-residents corresponded with his warning order attorney about the case.

It is vigorously contended that the judgment was void, because of the manner in which the infant in the military service was proceeded against. We have noted that a warning order attorney and a guardian ad litem were appointed for him who filed a report setting forth that they could make no defense in his behalf. Furthermore, it must not be overlooked that before the final order of distribution was made an older brother qualified as guardian of the infant and joined with the other Pruett children in asking that the order of sale be set aside. The court had jurisdiction of the parties and of the subject matter, and, therefore, any judgment which might have been entered would be merely erroneous rather than void. City of Owensboro v. Hardwick, 232 Ky. 751, 24 S. W. 2d 555.

Counsel for the appellants indicate in their brief that Mr. Pruett's children wanted an opportunity to pay the debts of the estate and keep the old homestead, but the record is silent as to any such intent on their part. No one of the children tendered to the court his or her share of the estate.

It strikes us that this is a case to be looked at in a practical manner. It may be conceded that the petition and certain parts of the record are subject to technical criticisms, but the decedent left very little personalty, which was far exceeded by his debts, and a small piece of real estate (a house and lot) which could not be divided on any practical basis among the surviving spouse and the five children. No defense to the action was made before the order of sale, and before final judgment all of the parties were actually before the court. The children of the decedent made no effort or offer to come forward and pay the debts of their father and thereby afford them an opportunity to keep the home place. Under the circumstances a sale of the real estate was inevitable. What would be the ultimate result if another sale should be ordered? It can not be assumed that the property would bring a greater price, because there is no such contention. The only result, as we see it, would be additional court costs and attorneys' fees and a delay which could very plausibly bring about

a situation under which the property would sell for a smaller rather than a greater price.

Judgment affirmed.