### Poindexter et al. v. Brumagen et al.

March 1, 1946.

700

R. Russell Grant and Elmer Drake for appellants.

Dwight L. Pendleton and Harvey Lisle for appellees.

Opinion of the Court by Judge Sims—Affirming.

Through the wills of their parents, Emma and Zach Poindexter, five of the Poindexter children took a life estate in a farm of 192 acres located in Clark County, with a contingent remainder to the devisees' children. The two Poindexter boys disposed of their life estates to their father which passed under his will to the three girls. One of these daughters lives in Clark County, another in Lexington and the third in Shelby County.

The three daughters, joined by their husbands, brought a suit in equity in the Clark Circuit Court against the contingent remaindermen to sell the farm as indivisible property, and they asked that the proceeds be divided into five equal parts and invested in five separate parcels of real estate so that the contingent remaindermen of each life tenant might know in what property they were interested. It was averred that this sale and reinvestment of the proceeds is to the benefit and advantage of the life tenants, also the remaindermen.

The infant defendants were represented by a guardian ad litem. Answer was filed denying that the farm was indivisible or that it was to the best interest of the life tenants and the remaindermen to sell it and reinvest the proceeds in five separate parcels of real estate. Upon hearing proof the chancellor granted the prayer of the petition, and the remaindermen appeal. The sole ground upon which a reversal of the judgment is sought is that the petition did not aver facts, but only conclusions, that it was to the best interest of the remaindermen for

the farm to be sold and the proceeds reinvested; also, that the proof failed to show a sale was to the best interest of the remaindermen.

Appellees waive the question of whether or not the petition properly averred, or the proof showed, that it is to the best interest of the infant remaindermen for this farm to be sold and the proceeds reinvested, as they insist that since the 1944 amendment, Acts 1944, c. 20, of sec. 489 and the 1942 amendment, Acts 1942, c. 137, of sec. 491 of the Civil Code of Practice, it is not necessary to aver or to prove that a sale of indivisible property for reinvestment is to the best interest of a person under disability; and the chancellor is not limited in decreeing a sale to only those cases which are beneficial to the person under disability, but may do so for any purpose deemed necessary or proper by him.

Section 491 as it now reads (1945 Supplement to Carroll's Code) provides for the sale and investment of the proceeds of real estate in an action by the "owner of a particular estate of freehold in possession" against the owner of the reversion or remainder, "or, if the remainder be contingent, against the person, if in being, in whom it would have vested if the contingency had happened before the commencement of the action, though he be an infant or of unsound mind." A freehold is defined as "any estate of inheritance or for life in either a corporeal or incorporeal hereditament existing in, or arising from, real property of free tenure." 19 Am. Jur., Estates, sec. 4, p. 464. Therefore, under sec. 491 these life tenants were authorized to maintain this action against the infant remaindermen.

Section 489, subsec. 1, as amended in 1944 (1945 Supplement to Carroll's Code), provides that the real property "or any right, title or interest in real property of a person under the age of twenty-one years" may be sold under decree of a court of equity "for any purpose deemed by the chancellor to be necessary or proper or beneficial to such person under disability."

It is elementary that the right to sell real estate of persons under disability is purely statutory. The modern tendency of the Legislature appears to be to widen rather than to narrow the authority given courts of equity to decree such sales. It has long been the rule that it is not necessary to allege or prove in an action

brought under sec. 490, subsec. 2, that it is to the advantage of the infant for the land to be sold. Scott v. Graves, 153 Ky. 221, 154 S. W. 1084; Foley v. Graham's Guardian, 110 S. W. 838, 33 Ky. Law Rep. 627. It might not be amiss to here note that sec. 490 was not affected by the 1942 or 1944 amendments.

We conclude that in permitting a sale of the remaindermen's contingent interest in the real estate for reinvestment in the suit of the life tenant, as provided in sec. 491, the General Assembly did not intend to limit such sales to only those instances wherein it would benefit the remaindermen. To hold otherwise might work an insufferable hardship on the life tenant. For instance, the property might be vacant lots and incapable of producing any rent or revenue to the life tenant, yet be so located as to increase in value each year. In such circumstances it would not be to the advantage of the remaindermen that the lots be sold, but the life tenant would be compelled to pay taxes on the property while never realizing any income or benefit from it.

It is our opinion that it is neither necessary to plead nor to prove that it is beneficial to the persons under disability in order to obtain a decretal sale of the reversion or remainder. Therefore, the judgment is affirmed.