## Hume v. Chenault et al.

June 6, 1947.

Wm. J. Baxter, Judge.

Ross, Ross & Bayer for appellant.

J. P. Chenault and H. D. Parrish for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

At a decretal sale O. F. Hume purchased 144 acres of land in Madison County for $72,350. He filed fourteen exceptions to the master commissioner's report of sale, which were overruled and he appeals. In his brief appellant argues eight of his exceptions and upon cross-appeal appellees complain that the chancellor will not enter an order distributing the proceeds of the first sale bond which became due and was paid in March 1947.

The judgment of sale was entered in an ex parte action brought in the Madison Circuit Court by Harvey Chenault and wife and two infants, Douglas and Edward Chenault, suing by their mother and statutory guardian, Sarah Chenault. The petition avers that on December 31, 1910, Carlisle Chenault, the widow of Thomas Chenault, Sr., and the grandmother of the petitioner Harvey Chenault, and the great grandmother of the infant petitioners, Douglas and Edward .Chenault, conveyed the land therein described to her son, Thomas Chenault, Jr., for life with remainder to his children surviving him or the children of any deceased child. That Thomas Chenault, Jr., had two sons, Harvey and Douglas, and the latter died on June 7, 1940, survived by the two infant petitioners, and that Thomas Chenault, Jr., died on February 16, 1946, survived by a widow, Katherine, a son, Harvey, and two grandchildren, the two infant petitioners. It was further alleged that upon the death of Thomas Chenault, Jr., the fee vested in Harvey and the two infants, who are the joint owners of the land which cannot be divided without materially

impairing its value, and a sale is asked under sec. 490, subsec. 2, of the Civil Code of Practice.

When Carlisle Chenault executed the deed to her son, Thomas Chenault, Jr., she retained a lien on the land conveyed to him to secure an annual payment of $500 to her by the grantee during her life. This lien was extinguished by her death in 1922. The deed from the mother to Thomas Chenault, Jr., conveyed the land to him "for and during his natural life and at his death to go and descend to his children equally, and the child or children of any deceased child of the party of the second part (grantee) shall take their dead parent's interest therein and if the said Thos. D. Chenault, party of the second part shall die without any child or children or lineal descendant surviving him, then said tract of land shall go and descend equally to (naming his brother and sisters) * * * as provided in the ninth clause of the will of T. D. Chenault, Sr., Decd. reference to which is here made, and the same as to limitations and descent of property and persons to receive same * * *."

The ninth clause of the will of T. D. Chenault, Sr., reads:

"* * * I devise to each of my said children respectively for and during their natural lives, and at their deaths to their children or descendants, and if any one of my said children shall die without issue or descendants, I will what I have devised to him or her shall go and descend to all my remaining children (including John B. Chenault) equally, but if any of my children then be dead leaving issue or descendants, I will that they take their dead parent's or ancestor's part according to the degree of relation-ship.

"If any of my said six children shall die leaving children living, and if any of the last named (viz: my grandchildren) shall subsequently die under 21 years of age and without issue or descendants, then I will that that part of my estate which such grandchild so dying shall have received under this will, shall go and descend to his remaining brothers and sisters equally and their descendants, and should there be none, I will that the same shall revert to my estate * * *."

Then by a codicil T. D. Chenault, Sr., modified

clause nine of his will by writing that if any of his sons or daughters died without living issue but left a surviving spouse, such spouse shall have a life interest (so long as he or she remains unmarried) in the real estate devised to his or her spouse.

Appellant urges that the infant petitioners, Douglas and Edward, did not have a vested interest in the land sold in this proceeding. But it is conceded that Harvey Chenault, a grandchild of testator, is a person well over 21 years of age and that Harvey survived his father, Thomas Chenault, Jr. It is further conceded that Douglas Chenault, Sr., another grandchild of testator, did not survive his father, Thomas Chenault, Jr., but that Douglas, Sr., was survived by the two infant petitioners, who are great-grandchildren of testator. Therefore, it is patent that the contingency in the will of T. D. Chenault, Sr., does not apply to great-grandchildren and that the two infant petitioners, along with their uncle, Harvey, have a vested interest in this land.

The infant Douglas was 17 and Edward was 7 years of age at the time their mother, Sarah, was appointed as their statutory guardian. It is contended by appellant that Sarah filed no written application in the county court asking to be appointed guardian of these children, as required by KRS 387.025, nor did the county judge comply with KRS 387.050 before appointing her guardian for the elder child, therefore, the appointment of Sarah as statutory guardian for these children is void.

An examination of the record reveals that the order of the county court appointing Sarah guardian for the two children is valid on its face, but is silent as to whether or not the provisions of KRS 387.025 and KRS 387.050 were complied with before the order was entered. It is urged by appellant that the order is void because of the failure to comply with the provisions of these sections of the statute. While such failure may have caused the order appointing the guardian to be voidable, it did not make the order void. Garth's Gdn. v. Taylor, 115 Ky. 128, 75 S. W. 261, 25 Ky. Law Rep. 434; Louisville & N. R. Co. v. Powers, 268 Ky. 491, 105 S. W. 2d 591; Hunt v. Irvin, 301 Ky. 726, 193 S. W. 2d 154. However, so far as this record shows, the statutory provisions may have been complied with in the appointment of the

guardian, as the record is silent on that point. The burden was on appellant to prove the grounds of his exceptions, although they were not controverted, and this he failed to do. Jesse v. Haney, 275 Ky. 699, 122 S. W. 2d 490; First-Owensboro Bank & Trust Co. v. Wells, 278 Ky. 38, 128 S. W. 2d 227. It must not be overlooked that it will be presumed, in the absence of an affirmative showing to the contrary, that all facts existed necessary to give the county court jurisdiction. Skidmore v. Napier, 292 Ky. 311, 166 S. W. 2d 439.

Appellees argue that as the order is not void, but only voidable, it cannot be collaterally attacked, which they insist Hume is attempting to do here, since none but a void judgment is subject to a collateral attack. But we do not reach the question of whether Hume's attack on the order appointing the guardian is direct or collateral, because the order is only voidable and at most it could make the judgment of sale but erroneous. Section 391 of the Civil Code of Practice reads:

"An infant—other than a married woman—may, within twelve months after attaining the age of twenty-one years, show cause against a judgment * * * ; but the vacation of such judgment shall not affect the title of a bona fide purchaser under it."

In a long line of decisions we have held that where a court has jurisdiction of the parties and subject-matter and orders a sale by the master commissioner, which is later fairly made to a bona fide purchaser who is not a party to the action and then is confirmed by the court, such purchaser cannot be divested of the property on the ground that the judgment of sale was erroneous, even though property in which an infant was interested was sold under the decree. Harris v. Hopkins, 166 Ky. 147, 179 S. W. 14; Webb v. Webb's Gdn., 178 Ky. 152, 198 S. W. 736; Crume v. Sherman, 185 Ky. 376, 215 S. W. 196; City of Owensboro v. Hardwick, 232 Ky. 751, 24 S. W. 2d 555. A full discussion of the subject appears in the Webb case and we see no necessity of repeating it here.

Complaint is made that the court was without right to order this real estate sold until all lien holders of record were made parties to the action. But the record shows that all liens were released before the exceptions

to the report of sale were passed on, hence that objection vanishes.

Likewise, the objection that Katherine Chenault, the widow of Thomas Chenault, Jr., had a life estate in this property under the codicil to the will of T. D. Chenault, Sr., vanished when Katherine filed her answer in this action disclaiming all interest in the land. Attached to her answer was a power of attorney duly executed by her wherein she authorized the master commissioner to join her as a grantor in the deed when he conveyed the land to Hume. If Katherine had any interest in this land, her answer and the power of attorney filed therewith which authorized the commissioner to convey same to Hume divested her of title the same as if she had been made a party to the suit. Dodd v. Scott, 145 Ky. 310, 140 S. W. 528.

Lastly, appellant insists that no proof was taken showing that this land could not be divided without materially impairing its value and that no title papers were filed with the petition. As above stated, this is an action under sec. 490, subsec. 2 of the Civil Code of Practice for the sale of indivisible property and distribution of the proceeds among the joint owners, and is one in which infants may be joined as plaintiffs by their guardians and in this character of action the infants need not be made defendants. Larrabee v. Larrabee, 71 S. W. 645, 24 Ky. Law Rep. 1423; Scott v. Graves, 153 Ky. 221, 154 S. W. 1084; Clark v. Satterfield's Adm'r, 233 Ky. 600, 26 S. W. 2d 516. This court has held in an action where an infant was a proper party plaintiff through his statutory guardian, the infant through the guardian has the right to allege such facts as entitle him to the relief sought, and when such facts are set out in the petition, and are not controverted, they may be taken by the court as true, just as if the pleader had been an adult and his allegations were undenied. Clark v. Satterfield's Adm'r, 233 Ky. 600, 26 S. W. 2d 516; Greenway's Gdn. ad Litem v. Greenway, 262 Ky. 818, 91 S. W. 2d 553. It was said in the Greenway opinion that it is not necessary to file title papers in an action of this character.

On their cross-appeal appellees claim that upon Hume's objection the chancellor has failed, if not re-

fused, to rule on their several motions asking him to order the distribution of the first sale bond which was due in March and was paid by Hume to the master commissioner, the proceeds of which are now held by that officer. It appears to us that mandamus is the proper procedure to compel the chancellor to order a distribution of the proceeds of this sale bond and that the question cannot be raised by cross-appeal. However, this becomes a moot question since this opinion affirms the judgment and there can be no objection upon the part of Hume to the distribution by the commissioner of the proceeds of the sale bonds which he paid in March.

The judgment is affirmed on the appeal and the cross-appeal is dismissed.