Chief Justice Roberts on
delivered the Opinion of the Court.
CHARLES A. Wickliffe brought a suit in chancery, in the Washington circuit court, for a decree compelling the heirs of Michael Troutman, deceased, to convey to him the legal title to a tract of land in Washington county, which their ancestor had covenanted to convey to Wickliffe’s assignor. CJpon a certificate of publication as to three of the heirs, and a return of service as to the others, none of whom lived in Washington, or were served with process in that county, the circuit court decreed a specific execution of the contract; and a commissioner, who had been appointed by the decree, made a conveyance to Wickliffe, for and in the names of all Troutman’s heirs. Afterwards, Wickliffe, relying on the title thus derived, sued Dorsey in ejectment, for the purpose of obtaining the possession of the land. On the trial, the court rejected the record of Wickliffe’s suit in chancery and the deed which had been made by the commissioner ; and thereupon, verdict and judgment were rendered in favor of Dorsey ; to reverse which, this appeal is prosecuted.
Where there is a decree against divers defts, for a conveyance, valid as to some, inoperative as to others-the commissioner sdeed for the whole land passes the title of those, §• those only, who are bound by the decree.
The only question which is deemed important, is, whether the circuit court erred in rejecting the chancery record and the deed.
The reason assigned for the rejection, is, that, as none of Troutman’s heirs resided, or were served with process, in the county in which the bill was filed, and as also the certificate of publication was insufficient, the circuit court deemed the decree void for want of jurisdiction in the court that rendered it.
Had there been no service of process on any of the heirs, the decree would have been wholly ex parte, ami therefore void ; and so far as there was no service, actual or constructive, but so far only, it was inoperative, as it was by default, without answer or appearance. But as to such of the heirs as had been warneci by actual service, the decree is not void, but erroneous and reversa-ble only.
If the court that rendered the decree had not had jurisdiction over the subject matter of the bill, the decree would have been a nullity, because the court had no power to adjudicate ; and in such a case, consent could not have given jurisdiction.
But, as the court had jurisdiction over the subject matter, and the only objection which could have been made to the prosecution of the suit in the circuit court of Washington, was altogether personal, and, therefore, might have been waived by answer or otherwise, the decree will be valid as long as it shall remain unrevers-ed. Had the heirs of Troutman answered the bill, and either failed to object to the jurisdiction, or had expressly waived objection, the decree would not have been even erroneous or reversable for any defect of jurisdiction. Though they did not answer the bill, yet, most of them had been made parties by regular service of process, and chose to make no objection to a decree by the Washington circuit court ; and consequently, though the decree may be reversable, it must be deemed valid until reversed ; and, being thus valid, it cannot be incidentally or collaterally revised, or disregarded.
*464 The title of such of the heirs as hacl been regularly made parties was vested in Wickliffe by the decree and the commissioner’s deed ; and, as to their undivided interests, he had a right to recover ; and therefore, had a right to use the record of the suit in chancery, and the commissioner’s deed, to establish his claim to a judgment, and to shew the extent of his title,'
Wherefore, the judgment must be reversed, and the cause remanded for a new trial.