CHIEF JUSTICE PR YOB
delivered the opinion of the court.
This is a proceeding to subject the real estate of an infant to the payment of her board and tuition for ten months. The appellee, while teaching a female school at Bowling Green, contracted, as he says, with the father of the infant, by which he was to board and educate the daughter for an agreed price, the money to be paid from the proceeds of the infant’s real estate.
The testimony is conflicting as to the nature of the contract between the father and the appellee, but the chancellor seems to have regarded the proof as sufficient to establish a contract by which the infant’s estate was to be made liable for the debt, and, proceeding upon the idea that the board and tuition were necessaries furnished the infant, subjected her estate to the payment of the debt.
At the time the father made this contract the infant had no guardian, and subsequently a guardian was appointed, who filed a petition to sell the real estate of the infant by a judgment of the chancellor, and this money in the hands of the guardian was subjected to the payment of the debt.
In the case of Withers v. Hickman, 6 B. Mon. 292, this court held that the chancellor might authorize disbursements for the benefit of the infant, not only in anticipation of the profits, but even out of the principal, and this applied to funds arising from the sale of lands and slaves made by order of the chancellor.
The General Statutes, in order to secure the real estate of *504 the infant, and to prevent an expenditure by which it could be subjected to the payment of debts incurred by the guardian for the infant’s maintenance and education, provides that the personal estate may be so applied, “but neither the ward nor his real estate shall be liable for any such disbursement.” (See title Guardian and Ward, Gen. Stat., p. 206, sec. 9, art. 2.)
In this case the ground of recovery is that this real estate or its proceeds was, by the agreement of the father and the appellee, to be made liable for the debt. The real estate was not then sold, and when a sale is made the chancellor is asked to appropriate the proceeds to its payment.
If the real estate of the infant can be subjected in this mode to such contracts for the reason that the claim originated from necessaries furnished the infant, in every instance the statute may be avoided and the legislative intent disregarded. It is immaterial how meritorious the claim may be, the chancellor has no power by reason of the statute to appropriate the proceeds of the sale of the infant’s real estate for such purposes. The rents or income may be so applied, but not the principal. This view of the case renders it unnecessary to determine whether the credit was given the father or the estate of the infant. It appears in this case that the entire estate of the infant will not exceed in value $1,800, and under the facts of this record the chancellor should dismiss the petition. It is so ordered.
Judgment reversed and cause remanded.