## Carpenter v. Julian, Jr., et al.

(Decided May 17, 1918.)

### Appeal from Franklin Circuit Court.

1. Infants—Sale of Lands to Pay Ancestor's Debts—Bond.—The bond required by section 493, Civil Code, to be executed by a guardian to his ward, and to be recorded with the judgment, before a sale of the ward's land can be adjudged, does not apply to a sale of an infant's lands to satisfy the debts of his ancestor or of his own debts.

2. **Infants—Sale of Land to Pay Ancestor's Debts.**—Where the lands of an infant are adjudged to be sold for the payment of his ancestor's debts, and it is necessary for the protection of the infant's interest, on account of the indivisibility of the land, to sell more land than is necessary to pay the ancestor's debts, sections 493 and 497, Civil Code, apply to the excess.

3. **Infants—Sale of Lands to Pay Ancestor's Debts.**—It is error to adjudge the sale of the lands of a non-resident, who has been constructively summoned, and has not appeared in the action, where the action is purely for a sale for the satisfaction of his ancestor's debts, without the execution of the bond required by section 410, Civil Code, but, if the court has jurisdiction, the title of the purchaser will not be affected, unless as is provided by section 417, Civil Code. If such bond is not executed before the judgment, the court may require such bond to be executed before the proceeds are paid out, or else retain the custody and control of the proceeds until the time has expired within which the non-resident may re-open the case, as provided by section 414, Civil Code.

4. **Guardian and Ward—Disbursement of Ward's Estate—Maintenance and Education.**—A guardian is restricted in the disbursement of his ward's estate, for the maintenance and education of the ward, to the income from the estate, except when the ward is of such tender years or infirm health that he can not be bound as an apprentice or no suitable person will take him as such, or when it is necessary for the best interest of the ward to use the principal of his personal estate for board and tuition. When the above exceptions occur, the principal of the personal estate may be encroached upon, but the real estate of the ward can not be sold nor the proceeds, when sold, applied to the maintenance or education of the ward, except the advice of the chancellor be first had and then a clear case of necessity must be shown.

E. B. BEARD and FRANK CHINN for appellant.

PAUL C. GAINES and IRA JULIAN for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

Charles H. Julian, who was domiciled in Franklin county, at the time, died, intestate, several years ago, and left surviving him an only heir, Alexander Julian, Jr., and his widow, now Mrs. J. D. Stewart. Clarence Julian, qualified as administrator of the decedent, and, also, as the statutory guardian of the infant heir, Alexander Julian, Jr. The personal property of the decedent's estate was sold by the administrator and the proceeds appropriated to paying the debts of the estate, but the proceeds were insufficient for such purpose, in the sum of about five thousand dollars. Among the other

indebtedness is the commission due the administrator for the receipt and disbursement of the proceeds of the personal estate, as it appears, that, he did not retain in his hands the commissions due, when disbursing the proceeds of the personal estate in the payment of the debts.   The decedent owned, at the time of his death, several disconnected tracts of land, and one tract, and a portion of another, was allotted to his widow, as her dower in all of the lands.

This action was instituted by Clarance Julian, suing both as administrator of the decedent and guardian of the infant, and the object sought was a final settlement of his accounts, as administrator, and the sale of a tract of land, which contained one hundred and seventeen acres, and application of the proceeds of the sale to the payment of the remaining indebtedness of the estate, and the excess, after the payment of the debts, to the maintenance and education of the infant.   The defendants in the original petition were the infant, Alexander Julian, Jr., the surviving widow of decedent, and certain of the creditors, but thereafter several amendments to the petition were made, and a reference of the cause to a commissioner to receive, hear and report claims against the estate, and either by the amendments to the petition or the appearance of the creditors before the commissioner, all the creditors became parties to the action before the rendition of the judgment under which the land was finally sold.   The petition and its amendments, together, contained all the averments necessary in an action for the settlement of the decedent's estate and a sale of the lands belonging to it for the payment of its indebtedness, as required by section 429, Civil Code.   With reference to the action of the guardian against the ward for the sale of such portion of the land as was not necessary to be sold for the payment of the debts, which action was joined to that for the settlement of the estate, it was alleged that the income of the estate of the infant was insufficient to maintain and educate him and that his mother was not financially able to maintain and have him properly educated, and that it was proposed to use the remaining portion of the proceeds of the sale of the lands, after the payment of the debts of the estate, in the education and maintenance of the infant, and that there was no other way to enable him to be educated, other than by the use of such pro-

ceeds. It was further averred, that the tract of land could not be divided without materially impairing its value and as a consequence the interest of the infant defendant therein, and that it was further to the best interest of the infant, that the tract of land sought to be sold, should be disposed of, rather than to sell any of the other tracts, which he had received by inheritance from his father. The infant defendant was a non-resident of the state and absent therefrom and was over the age of fourteen years, but, before a judgment was rendered for a sale of the land, he was brought before the court by constructive service, as a non-resident, as provided by sections 57 and 58, Civil Code, and in addition thereto a guardian *ad litem* was appointed, who filed an answer as such. Before the rendition of the judgment for the sale of the land, proof was properly taken and filed, which proved the existence of the indebtedness of the decedent's estate to the administrator and creditors and the necessity for the sale of the lands to satisfy the debts, and the impracticability of a division of the tract of land, the value and character of the other land, and that it would be to the best interest of the infant to sell the land sought to be sold, rather than either of the other tracts.

Before judgment, the bond provided for by section 493, Civil Code, was duly executed by the guardian to the infant and recorded with the judgment. The land was adjudged to be sold according to the prayer of the petition, when the appellant, J. B. Carpenter, became the purchaser, at the sum of $11,785.00, but fearing, that he would not receive a good title, he declined to execute the sale bonds and filed exceptions to the report of sale, as well as a response to the rule against him, which required him to show cause for declining to comply with the contract of sale and execute the bonds for the purchase price. The response to the rule was held insufficient and he was ordered to execute the bonds, the exceptions were overruled and the sale confirmed, and from this judgment he has appealed.

The grounds relied upon for reversal are three:

First. The bond provided for by section 410, Civil Code, was not executed before judgment.

Second. The pleadings nor evidence were sufficient to justify a sale of an infant's real estate for his maintenance and education.

Third. There was no evidence in the record to support the allegation, that the plaintiff is either the administrator of decedent or the guardian of the infant.

(a) As to the first ground of exception to the sale, it is urged by appellees, that the infant being over fourteen years of age and a copy of the petition and summons having been served upon him, as provided for by section 56, Civil Code, that such service dispenses with the necessity of executing the bond provided for by section 410, Civil Code, before the rendition of the judgment. If such service had been made, the contention would be, doubtless, true. Young v. Bullen, 19 R. 1561. The record, however, fails to show, that any such service was ever had upon the infant defendant, and the only service shown was the constructive service, by the making of a warning order and the appointment of an attorney for him, as provided by section 57, Civil Code.

It will be observed, that the application of section 493, Civil Code, which requires a bond by the guardian to his ward before a sale is ordered of the real estate of the ward, is specially excepted from a sale of infant's real estate for the payment of the debt of his ancestor or his own debt. Section 489, subsections 1 and 2, Civil Code. If, however, a sale of an infant's real estate is made for the satisfaction of the debts of his ancestor and it is necessary to sell more land in the protection of the infant's interest than is necessary to pay the ancestor's debts and the costs, on account of indivisibility of the lands, sections 493 and 497, Civil Code, apply to the excess, and the bond required by section 493, *supra,* must be executed before judgment and recorded with the judgment, or else the purchase price, for the excess sold, must not be paid, but must remain a lien upon the land until the infant arrives at his majority or until the bond, as provided by section 497, *supra,* is executed. Oldham v. McElroy, 134 Ky. 454; Foley v. Graham, 33 R. 627; Carter v. Crow's Admr., 130 Ky. 41; Elliott v. Fowler's Guardian, 112 Ky. 376; Louisville Banking Co. v. Pranger, 24 R. 408. Hence, the bond provided for by section 493, *supra,* was properly executed, by the guardian to his ward, touching the excess of land sold, over what was necessary to satisfy the debts of the ward's ancestor, but it is not applicable to the proceeds of the portion of the land necessary to be sold to pay the ancestor's debts. In Morrison v.

Beckham, 96 Ky. 72, which was a suit in ejectment to recover a tract of land from joint claimants of the land, some of whom were non-residents, it was held to be reversible error to render judgment against the non-residents, who had not appeared in the action, before the execution of the bond required by section 410, *supra*. In Stephens v. Stephens, 26 R. 555, it was held, that the bond provided for by section 410, *supra,* must be given when a judgment was rendered to sell the lands of a non-resident, who has not appeared in the action, in the enforcement of liens for debts. The same principle was adhered to in White v. Moyers, 17 R. 402; and Tatum v. Gibbs, 19 R. 696. Section 414, Civil Code, permits a defendant, who was constructively summoned and did not appear, at any time within five years from the rendition of a judgment against him, to re-open the case and make defense to the action and, "thereupon the action shall be re-tried as if there had been no judgment," and the court may then confirm the judgment or modify or set it aside and order restored to the defendant the value of any property, which may have been taken under an attachment or under the judgment and not restored. Section 417, Civil Code, provides that the title of purchasers in good faith to any property sold under an attachment or judgment against a non-resident shall not be affected by the new trial provided for by section 414, *supra,* except such as was obtained by the plaintiff in the judgment and not bought of him in good faith by others. Hence, as if, in the instant case, the property sold should pass to a purchaser in good faith, the non-resident owner could not recover it, although the claim under which it was sold might be shown by him to be spurious upon a re-trial, and, then, if the ones having received the proceeds of the lands should be insolvent, in the absence of a bond, as required by section 410, *supra,* the new trial provided for by section 414, *supra,* would be of no value and the judgment for the restoration of the property or its value would avail nothing. Kellar, &c. v. Stanley, &c., 86 Ky. 240. Hence, the judgment for a sale of the land for the debts of the ancestor of the non-resident, infant defendant, without requiring the execution of the bond provided for by section 410, *supra,* by those for whose benefit the judgment was procured, was erroneous. Such error, however, is one of which the purchaser can not complain, as

it does not affect the title to the property, which he will receive. The fact of the execution of the bond is not a jurisdictional fact, as is the execution of the bond provided for by section 493, *supra,* when, under the provisions of that section, the bond is required to be executed before a judgment and recorded with it. The court having jurisdiction, the failure to execute the bond does not affect the title, which the purchaser will receive. Oldham, etc. v. McElroy, etc., *supra*; Thomas v. Mahone, 9 Bush 125; Brown v. Early, 2 Duvall 372; Allen v. Brown, 4 Met. 342. The deed has not been made nor the purchase price paid. The provision is solely for the benefit of the non-resident defendant and the court may, yet, take the necessary steps provided by law for the security of his rights, before any distribution of the funds is made, by requiring each of the creditors, including the administrator so far as he is a creditor, to execute a bond to the non-resident defendant, conditioned as provided by section 410, *supra,* according to their respective interests, or else retain custody and control of the funds until the time has expired within which the non-resident may move for a new trial under section 414, *supra.*

(b.) Neither does the second ground of exception seem to be well taken. It is true that under sections 2034, subsections 1 and 2, Kentucky Statutes, a guardian is confined in his disbursements for the maintenance and education of his ward to the income of the ward's estate, except where the ward is of such tender years or of infirm health, that he can not be bound out as an apprentice, or no suitable person will take him as such, or when it is necessary to make a judicious application of the principal, or some of it, in the payment of the board and tuition of an infant, and where these exceptions occur, the guardian may encroach upon the principal of the personal estate, and if properly and judiciously spent to the best interest of the ward, the expenditure will be approved, but the ward's real estate can not be used for such purpose without an application has been first made to a court of equity and a clear case shown of the necessity for it, when the court may direct a sale of the ward's real estate and the use of the proceeds in his education, as provided by section 2039, Kentucky Statutes. Dixon v. Hosick, 101 Ky. 231; Overfield v. Overfield, 17 R. 313; Cox v. Stort, 14 Bush 502; Fidelity Trust Co. v. Butler, 101 Ky. 231; Nun-

nelly's Guardian v. Nunnelly, et al., 180 Ky. 131. The purpose, as appears here from the evidence, is to give the ward, who is now eighteen years of age, a collegiate education and his mother has not the necessary means to do so. The ward has only a small income arising from his property, as it now exists, and is entirely insufficient to accomplish the purpose of giving him an education. The amount of the funds arising from the sale of the land, which will be available for that purpose, after payment of the sums due the creditors of decedent and the costs of the action, does not seem to be a sum greater than is reasonably necessary for the payment of his board and tuition, while at. college and the expenses, which will necessarily be incumbent upon him. The court, below, should, however, keep a supervision over the purpose and the amount of the expenditures desired from time to time, and the guardian can secure the necessary advice of the chancellor by such amended pleadings and necessary proof, as may be required.

(c.)  With respect to the third ground of exception to the sale, the certified records of the county court, on file in the action, seem to be sufficient evidence, for the purposes of this action, of the appointment and qualification of the plaintiff as administrator of decedent and as guardian of the ward.

It appearing that there is no sufficient reason shown why the purchaser will not obtain a good title to the land, when the purchase price shall have been paid and the deed executed, it is therefore ordered that the judgment be affirmed.