## Harris v. Crowder, et al.

(Decided April 18, 1922.)

### Appeal from Allen Circuit Court.

1. Judgment—Parties—Conclusiveness.—A judgment is not res judicata as to one not a party to the action.
2. Judicial Sales—Commissioner's Deed For Whole Land Passes Title of Those Bound By Decree.—A judgment of sale may be valid as to some of the defendants and invalid as to others, and the commissioner's deed for the whole land will pass the title of those who are bound by the decree.
3. Judicial Sales—Conclusiveness of Judgment—Collateral Attack.— C, who owned land jointly with certain infants, was made a party defendant to an action to sell the land on the ground of indivisibility, and asked that the land be sold. Pursuant to his prayer, the land was sold and the sale was confirmed without objection. He accepted his portion of the purchase money and the commissioner conveyed the land to the purchaser by deed which was approved by the court: Held, in an action thereafter brought by the purchaser against C to quiet his title, that the sale was binding on C, that his title passed by the deed, and that it was then too late for him to disturb the sale on the ground that the interests of the other joint owners did not pass to the purchaser.

JOHN H. GILLIAM and OLIVER & DIXON for appellant.

BRADBURN & HARLIN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Laura Motley owned an undivided two-thirds and H. B. Crowder an undivided one-third interest in a tract of land located in Allen county. Laura Motley died intestate on November 28, 1918, leaving as her only heirs her

two infant children, Samuel Jewel Motley and Jerotha Beatrice Motley. Her administrator brought suit against the infants and Crowder to sell the land on the ground of indivisibility. Crowder filed an answer, stating that it was true, as alleged in the petition, that the land could not be divided without materially impairing its value, and that it would be to the best interests of the infants to sell the land and divide the proceeds, and joined in the prayer of the petition that the land be sold. Thereafter the land was sold pursuant to a judgment of sale, and Dr. W. H. Harris became the purchaser at the price of $4,625.00, for which sum he executed bond. The sale was confirmed, the bond collected and the proceeds distributed, H. B. Crowder receiving $1,493.46, and the commissioner executed a deed which was approved by the court conveying the land to the purchaser. After his purchase Dr. Harris subdivided the land and sold it in small tracts to several different parties.

Some time later Harris brought suit against the infants to quiet his title, but Crowder was not a party to the action. The court held that the judgment of sale entered in the former action was void. Still later, Harris brought this suit against Crowder, claiming that although the judgment of sale in the former action was void as to the infants it was valid as to Crowder, and that by the proceedings in that action he acquired the interest of Crowder. Crowder appeared and tendered to Harris the sum of $1,493.46, which he received for his interest in the property. The court sustained a demurrer to and dismissed the petition. Harris appeals.

As Crowder was not a party to the suit brought by Harris against the infants to quiet his title, the judgment therein rendered, that the sale was void, was not *res judicata* so far as Harris and Crowder are concerned. A judgment of sale may be valid as to some of the defendants and invalid as to others, and the commissioner's deed for the whole land will pass the title of those who are bound by the decree. Wickliffe v. Dorsey, 1 Dana 462. Crowder owned the land jointly with the infants. He was made a party defendant and asked that the land be sold. Pursuant to his prayer the land was sold and the sale confirmed without objection. He accepted his portion of the purchase money and the commissioner conveyed the land to Harris by deed which was approved by the court. In view of these facts, the sale was binding on him, and his title passed by the deed, and it is now too late for him

to disturb the sale upon the ground that the interests of the other joint owners did not pass to the purchaser. Vaughn v. Robertson, 7 Ky. L. Rep. 827.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.