## Ballman et al. v. Ballman et al.

(Decided Jan. 12, 1934.)

BEN BIEDENHARN, Jr., and HUBBARD SCHWARTZ for appellants.

THOMAS X. DILLON and BERT J. KING for appellees:

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

Mary Ballman died a resident of Kenton county on May 1, 1928. She left seven children surviving her. At the February term, 1929, Edward Ballman was duly appointed the administrator of her estate by the Kenton county court, and on December 30, 1929, as administrator, he filed an action in equity in the Kenton circuit court, in which he alleged that his sister Josephine Ballman Overley and Louise Ballman Conway, whom he made defendants to the action, had been married but were divorced. He alleged that the personal estate was not sufficient to pay the debts; that his mother owned six lots in Covington; that a sale of part of the real estate was necessary to pay the debts; and that the remainder was not susceptible of division between the

children. He prayed a settlement of the estate and a sale of the real estate. Regular proceedings were had, and on April 15, 1930, the court ordered all the land sold. As reported by the commissioner making the sale, Edward Ballman was the purchaser at the sale and executed bonds with C. C. Wells as his surety, in all amounting to $8,500. The report of sale was confirmed by the court, and thus matters stood until May 19, 1931, when some of the children took out a rule against the purchaser to show cause why he had not paid the bonds, which were past due. He responded to the rule. His response was adjudged insufficient, and on February 25, 1932, the commissioner was ordered to collect the bonds.

On March 11, 1932, Edward Ballman, individually and as administrator, brought this action in the Kenton circuit court under section 518 of the Civil Code of Practice alleging the facts above stated, and also alleging that at the sale of the property C. C. Wells was the highest and best bidder, and that Edward Ballman was his surety, and that through error of the master commissioner the sale was reported in the name of Edward Ballman with Wells as his surety; that Josephine Ballman Overley and Louise Ballman Conway were, and for many years had been, nonresidents of the state of Kentucky and not familiar with the value of the lands sold; that they were not served personally with process, and never entered their appearance to the action; that Edward Ballman was and is the administrator of the estate of Mary Ballman; that the judgment and order of sale was void. There was no nonresident bond executed, as provided for in section 410 of the Civil Code of Practice, and the judgment did not retain control over any money or property until the expiration of the time allowed to the defendant to appear and make defense, and no title passed under the judgment to the purchaser at the sale; that the judgment and order of sale was also void, for the reason that all the parties were not before the court; that Louise Ballman Conway is not divorced, but is married to one Clarence Conway, who is living and who is not made a party to this action; that the plaintiff and all the other heirs, who were present or represented by counsel, were and had been informed and truly believed that the said Louise Ballman Conway was divorced from her husband; that afterwards and subsequent to the judgment and sale the plaintiff dis-

covered that the said Louise Ballman Conway was not divorced; that her husband is still living; that prior to the judgment and sale diligent effort was made by the plaintiff and the other heirs and distributees to learn whether or not a divorce had been granted; and that they were each informed and believed that the parties were divorced. He prayed that the judgment of sale be adjudged void, and that the commissioner be enjoined from proceeding to collect the bonds and all proper relief. He also alleged in his amended petition that Josephine Ballman Overley was married to Bert J. Overley and had never been divorced from him, and he was still alive and not a party to the action; that, at the time of the hearing before the master commissioner, the plaintiffs, and all the other heirs who were present, were represented by counsel and had been informed and truly believed that Josephine Ballman Overley was divorced from her husband, and after the sale the plaintiff discovered that she was not divorced and that her husband is still living; that prior to the judgment and sale a diligent effort had been made by him and the other heirs to learn whether a divorce had been granted, and they and each of them were informed and believed that said parties were divorced. The allegations of the petition as amended were denied by answer and proof was taken. On final hearing, the circuit court adjudged the sale void, and permanently enjoined the enforcement of the sale bonds. The defendants appeal.

Although Edward Ballman was the administrator, and as such brought the suit in which the land was ordered sold and was the purchaser at his own sale, the sale was not for this reason void, although on the application of any person interested it might have been adjudged that he held the title in trust for the other heirs. But no one made any objection to the sale. It was duly confirmed, and he cannot complain now that the other heirs allowed the sale to stand and elected to treat him as a purchaser in fact. He has taken possession of the property, and they are simply demanding that he pay for it. The action of the other parties is an election on their part that the sale should stand, and he cannot complain. 65 C. J. p. 771, sec. 643; Hammond v. Hopkins, 143 U. S. 224, 12 S. Ct. 418, 36 L. Ed. 134. Mrs. Overley and Mrs. Conway were both duly before the court by warning order, and, as the proof shows, had personal knowledge of what was going on.

The judgment was not void as to them because their husbands were not made parties. By section 2128, Kentucky Statutes, the powers of a married woman are thus defined:

"She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof."

It will be seen that a married woman is expressly empowered to sue and be sued as a single woman. This necessarily means that she may be sued and the judgment will bind her, though her husband is not a party to the action. She may not make a contract to sell, convey, or mortgage her real estate, unless her husband join therein. But this is a limitation on her power to contract, and is not a limitation on her power to sue or be sued. When the suit concerns the wife's real estate, the husband is a proper party to the action, for, if he survives, he is entitled to his dower in the land, and his rights will not be affected unless he is a party to the action. But the wife is bound by the judgment just as in any other case. The only interest the husband takes in the wife's land is under section 2132, Kentucky Statutes, which provides:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished."

Under the statute, the husband takes no interest in his wife's land except his potential right of dower, if she dies first.

Should the sale be set aside and held void under the proof because the husbands in this case were not before the court? The rule is elementary that a person asking that a judgment be set aside under section 518 of the Civil Code of Practice must show that he used diligence to learn the facts, and he will not be heard to complain if he does not act promptly when he learns the

facts. It appears from Edward Ballman's own testimony that Clarence Conway telephoned him in December, 1930, telling him that he wanted to see him, and came in January 1931 to see him and told him that he thought he was entitled to his share of the estate; that he had heard that Ballman was the administrator, and he would like to have it. He admits that he then found out that Conway and his wife were not divorced. He had lived in 1914, or about that time, with Josephine Overley and Bert Overley, and knew them well. He saw her at his brother Fred's funeral in 1930. The suit was then pending, and he at no time made any inquiry of her about the divorce. It was shown by the record that Josephine Overley, on January 14, 1914, filed a petition in the Kenton circuit court for divorce from her husband, Bert Overley, and that the petition was filed away without any action being taken on it. Mrs. Overley had for many years in 1929 been living with her husband, and the facts shown by the record satisfy the court that by the slightest diligence on the part of Edward Ballman he could have learned the true facts by inquiry in the family. There were enough facts known to him in 1930 to put him upon inquiry on this subject. If he made none, he could not ask two years later that the sale be set aside and held for naught. It was incumbent upon him to act promptly. He was in possession of the property which he had bought at the sale; interest was accumulating upon the bonds; he was collecting the rents. In view of all the facts, his application to set aside the sale came too late, and the petition should have been dismissed. There had been in the meantime a great shrinkage in land value. Wickliffe v. Dorsey, 1 Dana, 462; Harris v. Crowder, 194 Ky. 489, 239 S. W. 788; Beale v. Stroud, 191 Ky. 755, 231 S. W. 522; Elkhorn Coal Corp. v. Cuzort, 215 Ky. 254, 284 S. W. 1005.

The failure of the court to require a bond as provided by section 410 of the Civil Code of Practice for the protection of the nonresident defendants did not render the judgment void or affect the purchaser's title. Carpenter v. Julian, 180 Ky. 580, 203 S. W. 323; Huffman v. Bowles, 222 Ky. 339, 300 S. W. 881.

Judgment reversed, and cause remanded for judgment as above indicated.