**James W. ROACH et al., Appellants,**

v.

**Garnett ROACH etc., Appellee.**

Court of Appeals of Kentucky.

Sept. 30, 1966.

William A. Young, James L. Williams, William E. Johnson, Frankfort, for appellants.

Chat Chancellor, Chancellor & Darnell, Frankfort, for appellee.

HILL, Judge.

This appeal is from a summary judgment under CR 56.01 dismissing appellants' complaint demanding an interest in real estate and for an accounting by an executrix. We reverse the judgment.

Emily Roach, the grandmother of appellants and appellee, died testate in 1923. The material portion of her will provides:

"THIRD: The remainder of my estate I give equally between my 5 grandchildren, Lelia Kendall, Mary Barrickman, Garnett Roach, Coleman Roach and James Roach. * * * I leave it entirely to my administrator (sic) to sell my land as she thinks best. I appoint Mrs. Ella Harrod my administrator (sic) of this my will without bond."

Shortly after the death of Emily Roach, her daughter-in-law Ella Harrod qualified

as executrix and sold one tract of land to pay debts and funeral expenses. In 1926, Ella Harrod moved her five children and second husband onto the farm in controversy. Not long thereafter, she offered the farm for sale. Lelia Kendall, one of the appellants, was the highest bidder with an offer of $2350. However, she could not raise the money. Appellee claims Ella Herrod was the second best bidder on her bid of $100 or $150 less than that of Lelia Kendall. The record is not clear when Lelia announced her inability to pay for the farm or the date Ella Harrod decided to accept her own bid as being second best and sell the farm to herself; it may be assumed it was some few days after the attempted auction.

So far as this scant record reveals, Ella Harrod did not make a deed for the farm to herself. She and the children continued to reside on the farm intermittently for some years until appellants married and moved away. Thereafter, Ella and appellee Garnett continued to reside on the farm for the last nineteen years of Ella's life. About 1930, Ella Harrod caused to be prepared a deed naming her five children as grantors. Only appellee Garnett Roach signed it and was paid $400 for his interest. It is undisputed that three of the children refused to sign the deed. It is conflicting whether Coleman Roach, the fourth appellant, signed the deed, but it is uncontradicted that he did not receive any compensation. Ella was named grantee in the deed.

Ella Harrod died testate in 1964 leaving all her estate to appellee Garnet Roach. Ella did not file an accounting or settlement under the will of Emily Roach.

During the occupancy of the farm by Ella (sometimes with all of the children and other times with part of them), she paid all taxes and was paid the landlord's share of rentals.

This suit was filed by the four appellants against Garnett Roach, individually, and as executor of his mother's estate, to quiet title to the farm, claiming they each owned a one-fifth interest, and for an accounting of the profits from the death of Emily Roach to the death of Ella Harrod in 1964. Appellee filed an answer admitting appellants owned the interest claimed in the land but sought to avoid an accounting on various pleas. Later, with the permission of the court, appellee withdrew his pleading admitting ownership by appellants of interest in the land.

In appellee's petition for appointment as executor of the will of Ella Harrod, the following appears:

"PERSONAL PROPERTY
OF THE ESTIMATED
VALUE OF                    $8,000.00
REAL PROPERTY OF
THE ESTIMATED
VALUE OF                    None."

We take off into an atmosphere dense with suspicion when a person in his fiduciary capacity undertakes to do business with himself in his capacity as an individual. Cf. Darcus v. Crump, 35 Ky. (6 B. Mon.) 363; Eads v. Brinegar, 306 Ky. 343, 207 S.W.2d 772. But, we do not have to worry about that hazard long, for admittedly there was no consummation of the attempted sale by the execution of a deed. Furthermore, Ella Harrod about 1930 recognized and acknowledged ownership of the land by her children when she attempted to purchase their interest and did actually purchase the interest of one. Appellee also acknowledged their title by reporting to the county court after the death of Ella Harrod that his mother owned no real estate. After this suit was filed, appellee admitted in his pleading that appellants were the joint owners and tenants in common with him. We fail to discover in this record any means by which title to the farm ever passed to Ella Harrod. After she purchased Garnett Roach's interest, she was a tenant in common with her other four children, and the statute of limitation would not preclude their recovery. Nor do we interpret any act or conduct on the part of appellants or Ella Harrod amounting to a holding of

the farm in a hostile, open, notorious, or adverse manner.

The judgment is reversed with directions to enter another, quieting the title of each of the appellants to a one-fifth interest in the land in question.

The demand for an accounting may involve pleas of limitation and estoppel and a determination of the extent of personal property, if any, in the name of Ella Harrod as executrix of the estate of Emily Roach and possible other questions. Therefore, the issue concerning demand for accounting is remanded to the circuit court for further proceedings.