Grace **HUFFAKER** et al., Appellants,

v.

**C. B. TWYFORD,** Executor of the Will of **B. R. Twyford,** Deceased, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1969.

Rehearing Denied Oct. 24, 1969.

R. B. Bertram, Monticello, Blakey Helm, Louisville, for appellants.

Bruce H. Phillips, Monticello, for appellee.

STEINFELD, Judge.

This action was instituted under Cr 60.03 to vacate a part of a judgment entered in the Wayne Circuit Court on November 29, 1966. From a judgment denying that relief Grace Huffaker appeals. We affirm.

In 1950 the parents of Grace Huffaker executed a deed conveying certain land to Grace and her brother. The parents sued in 1955 in the Wayne Circuit Court to set it aside. Grace was named as a defendant and was served with summons in Jefferson County where she resided. After a vigorous contest the deed was not set aside but the court adjudged that it should be reformed. In Twyford v. Huffaker, Ky., 324 S.W.2d 403 (1959), Grace's parents appealed from that 1956 judgment and Grace cross-appealed, "from that part of the judgment which ordered reformation of the deed * * *". The judgment, in its entirety, was affirmed October 17, 1958. A petition for rehearing was filed and the opinion was modified May 22, 1959.

Grace now contends that the pleadings did not support the 1956 judgment, that depositions were not filed although the court so ordered and that the Wayne Circuit Court lacked venue to adjudge that the deed should be reformed. These issues were not presented in the 1955 suit or on its appeal. Although each point is now comprehensively argued it is unnecessary for us to pass on these questions because we agree with appellee's contention that Grace has been dilatory and for that reason, among others, she cannot prevail.

■ CR 60.03 "* * * recognizes the right of a party to attack a judgment by independent action on appropriate equitable grounds." 7 Ky. Practice, Clay 240. This rule must be construed together with CR 60.02 insofar as limitation of time applies. The latter rule requires that a motion to be relieved of a final judgment "shall be made within a reasonable time, * * *". CR 60.03 also provides, "Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that Rule." Also see 7 Ky.Practice, Clay 241.

■ The appellant, a party to the action about which she now complains, did not proceed under CR 60.03 until almost ten years had elapsed after the entry of the original judgment, and approximately seven years after its final determination in this Court of Appeals. Where a specific time is not fixed such proceedings must be within a reasonable time. Buchanan v. West Kentucky Coal Company, 218 Ky. 259, 291 S.W. 32, 51 A.L.R. 281 (1927). She had full knowledge of that litigation.

"A party who has knowledge of the judgment against him is required to exercise reasonable diligence and promptness in seeking to have it opened, vacated, or set aside, and his unexcused delay in making the application, amounting to laches, will justify the court in refusing the relief asked, * * *". 49 C.J.S. 529 Judgments § 288 (citing several Kentucky cases).

She did not proceed timely. Dean v. Gregory, Ky., 318 S.W.2d 549 (1958).

■ The issues now presented could have been raised in her defense in the 1955 litigation but were not. The present action "* * * in substance amounts to nothing more than a petition for a new trial, to which she [is] not entitled * * *." Leslie v. First Huntington Nat. Bank, 301 Ky. 145, 191 S.W.2d 204 (1945). CR 60.03 requires that there be "appropriate equitable grounds in order that relief be granted". "Freedom from laches is generally regarded as a prerequisite to the granting of equitable relief from judgments, * * *". 30A Am.Jur. 746, Judgments, Sec. 819. The delay deprives appellant of the right to assert equitable grounds. Ballman v. Ballman, 252 Ky. 332, 67 S.W.2d 39 (1934).

The judgment is affirmed.

All concur.