CASE 18—PROCEEDING BY D. G. TAYLOR AS NEXT FRIEND OF JOANNA GARTH TO VACATE AN ORDER APPOINTING THE CENTRAL TRUST COMPANY AS HER GUARDIAN.—MARCH 12.

## Garth's Guardian v. Taylor.

APPEAL FROM BOURBON CIRCUIT COURT.

JUDGMENT VACATING THE APPOINTMENT OF THE CENTRAL TRUST COMPANY AND IT APPEALS. AFFIRMED.

GUARDIAN—NOMINATION BY MINOR—COMPLIANCE WITH STATUTE.

Held: 1. Under Kentucky Statutes, section 2022, permitting a minor fourteen years of age to nominate his own guardian, either in the presence of the court or by a writing signed in the presence of the judge, after a privy examination, an order appointing a guardian on nomination by writing is voidable where the

Garth's Guardian v. Taylor.

minor did not attach the signature in the presence of the judge, and was not privately examined by him.

McMILLAN & TALBOTT, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. After a guardian has executed bond and qualified, he can not be removed except for cause. Isaac v. Taylor, 3 Dana, 600; Dunlap v. Kennedy, 10 Bush, 539; 6 B. Monroe, 146; 2 Metcalf, 430; 14 Bush, 238, and other cases.

2. Causes for removal are named in the statutes. Kentucky Statutes, section 2024.

3. Neither presence nor summons is necessary when the ward is in the position of applicant or plaintiff for the appointment of the guardian. Mahan v. Steele, guardian, 22 Kentucky Law Reporter, p. 546.

4. Where a guardian has been already appointed, the statutes make no provision for summons or process of any kind against the infant for the purpose of removing the guardian and appointing a successor. 22 Kentucky Law Reporter, 546; Kentucky Statutes, 2024.

BRENT & THOMAS, FOR APPELLEE.

F. P. Bedford, former guardian of Joanna Garth, resigned, and at Bedford's instance, she, being over fourteen years of age, signed a writing written by the attorney for the Trust Company, requesting the county judge of Bourbon county to appoint the Central Trust Company as her guardian, and the appointment was accordingly made, May 23, 1900, by an order of said county court, no surety being required. The writing authorizing said appointment was not signed by the minor in the presence of the judge of the court, and no privy examination was had as required by section 2022, Kentucky Statutes.

In October, 1901, dissatisfied and made miserable by the management of those, who, in the name of the company controlled her person and estate, she applied to the county court asking to be permitted to nominate her own guardian in the manner provided by law. The Trust Company was duly notified. D. G. Taylor, as her next friend, moved the court to set aside the order of May 23, 1900, which motion was resisted by the Trust Company. After a full hearing the court set aside the order appointing the Trust Company, and upon the minor's nomination, properly made, appointed Catesby Woodford in its stead. Upon appeal to the circuit court and a hearing there, that court also held the order of May, 1900, void, and the appointment of Wood-

ford valid, and this appeal' is prosecuted to reverse that judgment.

Our contention is, the appointment of the Trust Company was void, because the writing must have been signed by the ward in the presence of the judge of the court after privy examination by him, and these facts being jurisdictional, must appear on the record.

### AUTHORITIES CITED.

Underwood v. Underwood, 23 R., 1288; Fowler v. Moore, 23 R., 1573; Elliott v. Fowler's Guardian, 23 R., 1676; Ency. Pleading & Practice, vol. 12, p. 120; Cooley's Con. Lim. to p. 502; Lee's Appeal, Pa. St., 229; cited in Lawson's Rights & Remedies, vol 2, sec. 847, p. 1541 (edition, 1889); Kentucky Statutes, sec. 2022.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

On the 23d day of May, 1900, the judge of the county court of Bourbon county, Ky., upon what purported to be a written nomination of Joanna Garth, an infant over the age of 14 years, appointed the Central Trust Company as her statutory guardian. Under this appointment it continued to act until the 9th day of November, 1901, when the order of May 23, 1900, was vacated and set aside upon the motion of Joanna Garth, by her next friend, Gurley Taylor. Afterwards, on the 23d day of November, 1901, the court entered the following order: "At the further hearing of this matter, adjourned to this 22d day of November, 1901, the court, the appellant, Joanna Garth, having in its presence, and also by writing signed by her in the presence of the judge thereof after privy examination by him, nominated Catesby Woodford, Esq., to be her guardian, doth hereby order and adjudge that said nomination be and the same is hereby, approved, and said Woodford is appointed to succeed the said Central Trust Company heretofore acting as her guardian. Said Woodford having qualified and given the security required by law, the aforesaid trust company, which is hereby superseded as guardian,

is ordered to settle its accounts as such, and turn over the control of said Joanna Garth and her property in their hands to its successor above named. To all of which the said Central Trust Company, as guardian of Joanna Garth, objects and excepts, and prays an appeal to the Bourbon circuit court." Afterwards, on the 29th day of March, 1902, the case, on appeal to the Bourbon circuit court, came on for trial, and the court, by its judgment, held that the order of the county court of Bourbon county of May 23, 1900, appointing the Central Trust Company guardian of Joanna Garth, was void, and also adjudging that Catesby Woodford, appointed by order of the county court on November 22, 1901, is, and has been since that date, the guardian of Joanna Garth, and as such is entitled to control her person and estate. From this judgment the Central Trust Company is appealing to this court.

The only question for adjudication in this case is whether or not the order of May 23, 1900, is void. Section 2022 of the Kentucky Statutes is as follows: "If a minor is fourteen years of age, he may, in the presence of the court, or by writing signed in the presence of the judge, after a privy examination, nominate his own guardian; but if the person so nominated is not approved by the court, or if the minor, after summons, fails to nominate a suitable person, or resides out of the State, or if the testamentary guardian fails for three months to qualify, the court may appoint a guardian of its own selection." It will be seen that the above statute points out the precise manner in which a minor of 14 years of age may nominate his own guardian: First, he may do it in the presence of the court; or, second, he may do it by writing signed in the presence of the judge, after a privy examination. The statutes only authorize the nomination of a guardian by a minor in the

manner set out. The statutory barriers are for the protection of the infant by enabling the judge of the county court to know himself that the infant is not under the domination or control of designing persons in his selection, and it enables the judge to protect the infant from the machinations of interested persons, who might influence him to his injury in the selection of a guardian. It is of the utmost importance to the infant that all of the provisions of the statutes protecting him from youthful indiscretion should be enforced, and this can only be done by firmly establishing the principle that the conditions upon which a minor may nominate his own guardian are jurisdictional, and, if they are not complied with, the nomination is void. It is conceded in this case that the writing purporting to be the nomination of the Central Trust Company by Joanna Garth was not signed in the presence of a judge of the county court, and that she was not privily examined by him.

We are therefore constrained to hold that the order of May 23, 1900, was void, and, as this was the view entertained by the judge of the circuit court of Bourbon county, the judgment is affirmed.

(June 20, 1903.)

Modified opinion by Judge Barker in response to petition by appellant for rehearing:

It is not necessary for a decision of this case to determine whether the order of the county court was void or voidable, as in either event it was properly set aside.

So much of the opinion as holds it void is withdrawn, and no opinion is expressed as to whether the order was void or voidable.

The petition for rehearing is overruled.