

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILSON
ATTORNEY GENERAL

Honorable Stansell Bryan
District Attorney
Waco, Texas

Attention: Mr. Roy Rutland, Jr.

Dear Sir:              Opinion No. O-3591
                       Re:  Is affidavit of purchaser of automobile
                            required under H. B. 8, a public record
                            to which the general public shall have
                            access?

You have inquired as to whether the affidavit required under Article VI,
Section 5a of H. B. 8 of the Forty-Seventh Legislature, is a public record
in the sense that the information contained in the affidavit is available to
the public at large.

Article VI, Section 1 (a) levies a tax of one per cent (1%) upon the total
consideration paid or to be paid by the buyer.  This article further makes
certain definitions and provisions necessary to the enforcement of this law
including Section 5a of Article VI which reads as follows:

> "At the time the tax herein levied is paid to said Tax Collector the
> purchaser shall file with said Tax Collector the affidavit of such
> purchaser (or if a corporation the affidavit of the President, Vice
> President, Secretary, or Manager) setting forth the then value in dollars
> of the total consideration received or to be received by such seller or
> his nominees, whether in money or other things of value."

The only case we find reported in Texas upon the subject of the rights of the
citizens of a state to inspect the records of the state or county is Palacios
et al vs. Corbett et al, (Writ of error refused) 72 S. W. 777.  In this case
the Court of Civil Appeals at San Antonio adopted the common law upon this
subject as the law in Texas.  That is, if the reports or records are not
confidential, but on the other hand are of a public nature, private citizens
or their duly appointed representatives have a right to inspect such of the
records as they have an interest in.  This right, of course, is subject to
limitation imposed by the Legislature in enacting the subject laws.  We do
have instances in which the Legislature has specifically limited the authority
to examine or copy records required of individuals, partnerships, or
corporations, such as the records of the Texas Unemployment Compensation
Commission.

Our examination of the authorities discloses that the rule of the Palacios case is still the law in Texas.  This department followed this decision in our Opinion Nos. 0-854 and 0-2044.

In an examination of Section VI of H. B. 8 of the Forty-Seventh Legislature we find no provision making these records confidential or protecting them from examination of observation by interested persons.  Thus, they are governed by the law as stated in the Palacios case.

There being no authority for withholding the information contained in these affidavits from the public we are of the opinion that the affidavits mentioned in your inquiry are public records when they have been filed in the office of the tax collector and are subject to examination at reasonable hours by interested persons.  We are enclosing copies of our opinions Nos. 0-854 and 0-2044 upon the subject of examinationg of public records.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Morris Hodges


By
Morris Hodges
Assistant

MH:fs
Encl. 2

Approved July 28, 1941

s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B
CHAIRMAN