## Hunt v. Irwin et al.

March 5, 1946.

P. H. Vincent and John C. Clarke for appellant.

Dysard & Dysard and Diederich & Lycan for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming.

On July 5, 1943, the plaintiff, Ernest Eugene Hunt, who was 16 years of age at that time, was injured while riding on a truck belonging to Grandview Dairy. An older brother was killed in the same accident. On July 12th, Ernest signed the following letter, addressed to the county judge of Boyd County:

"Please appoint my father, Harper Hunt, guardian for me. I am over 14 years of age and in the hospital and can not come into court." On the same day the county judge appointed Ernest's father as his guardian, who took the oath required by law and executed bond. Thereupon he entered into an agreement with Emma Irwin, purportedly the sole owner of Grandview Dairy, and the driver of the truck, wherein he released the latter parties from all liability for the death of the son, who was killed, and for Ernest's injuries. Subsequently, Ernest's father was removed as his guardian. In June, 1944, Sophia Hunt, mother of Ernest, instituted this action as his next friend against Herbert Irwin, husband of Emma Irwin, wherein he sought damages for personal injuries he received in the accident in July, 1943. In his amended petition he made Emma Irwin and her father, Lon Holbrook, parties defendant. At the conclusion of the evidence offered in Ernest's behalf, the trial court directed a verdict in favor of the appellees.

Reversal of the judgment entered on that verdict is urged upon the ground that the testimony relative to the settlement made with Ernest's guardian was incompetent because the appointment of the guardian was void, and the driver of the truck was not engaged upon a mission of his own at the time of the accident.

The order appointing Ernest's guardian is not void, and, therefore, is not subject to collateral attack.

Under the circumstances, we think he is bound by the settlement, and, therefore, may not maintain this action. It follows that it will be unnecessary to discuss the question as to whether or not the driver of the truck was engaged upon a mission of his own at the time of the accident.

KRS 387.050 provides that a minor 14 years of age or older may, in the presence of the county judge, or by writing signed in the presence of the judge after privy examination, nominate his own guardian. It is apparent from the letter which Ernest addressed to the county judge that he did not appear before him, and because of this he insists that the order appointing his father as his guardian was void. In making this contention he relies upon the case of Garth's Guardian v. Taylor, 115 Ky. 128, 72 S. W. 777, 24 Ky. Law Rep. 1963. In that opinion it was said that the provisions of the statute must be complied with strictly, and the order appointing the guardian in that case was held to be void. But, in Garth's Guardian v. Taylor, 115 Ky. 128, 75 S. W. 261, 25 Ky. Law Rep. 434, it was held that, since it was unnecessary to determine the question of whether or not the order appointing the guardian was void, so much of the opinion as held the order to be void was withdrawn, and no opinion was expressed as to whether the order was void or voidable. In the case of Louisville & N. R. Co. v. Powers, 268 Ky. 491, 105 S. W. 2d 591, it was pointed out that the appointment of guardians is exclusively within the jurisdiction of the county courts, and that the appointment of a guardian must be treated as valid until it is affirmatively shown that the court did not have jurisdiction. It was said also that, even if the appointment was made erroneously, it is not subject to collateral attack. See also Wells' Adm'x v. Heil, 243 Ky. 282, 47 S. W. 2d 1041, and Poynter v. Smith, 290 Ky. 169, 160 S. W. 2d 380. It must not be overlooked that KRS 387.050 does not make it mandatory upon the judge to appoint the guardian named by the infant, but rather it merely directs that the infant may nominate his own guardian. In the instant case the court could have appointed Ernest's father, regardless of the fact that Ernest attempted to nominate him. There is nothing on the face of the order showing it was void, and, even if it be conceded that the court acted upon Ernest's request in the appointment of his guardian, the fact that

Ernest did not appear before him personally would only have been an error in the method of appointment, which, at most, would have made the order voidable and not void, and, therefore, not subject to collateral attack.

Under the circumstances, we think the judgment should be and it is affirmed.