Charles BAKER et al., Appellants,

v.

MARYLAND CASUALTY COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Motion to Modify Opinion Denied Feb. 18, 1955.

Wiggins & Wiggins, Richmond, for Charles Baker.

Clay Shackelford, Richmond, for Russelita McKeehan, and unborn children of Russell McKeehan.

John Noland, Richmond, for Maryland Casualty Co.

Carl Eversole, Richmond, for Russell McKeehan & Dorothy McKeehan.

D. Andrew Sherard, Berea, for Alva Baker.

SIMS, Justice.

The question before us is whether the judgment of the Madison county court ap-

pointing Russell McKeehan guardian of his three month old daughter, Russelita, is void. The chancellor held the appointment void and for that reason set aside a former judgment of the Madison circuit court approving a sale of the infant's real estate, and this appeal followed.

The pleadings in this action are not only rather complicated but quite voluminous, covering 140 pages. We will not attempt to recite them but will content ourselves with only referring to those which are essential to an understanding of the case.

Russell McKeehan was devised a life estate in 50 acres of land in Madison County, Ky., with remainder to his children. On Decemeber 8, 1947, he filed his verified petition with the judge of the Madison county court stating his daughter Russelita was six months old and resided in Germantown, Ohio, and that he resided at "Big Hill, Madison County, Ky.; also at Germantown, Ohio", and asked that he be appointed guardian for his daughter. On the same day the county judge entered an order reciting, "after considering the verified petition of Russell McKeehan, and after privy examination, it is ordered that Russell McKeehan is appointed guardian of Russelita McKeehan * * * and his bond is fixed at $3,000 with the Maryland Casualty Company as his surety".

Thereupon McKeehan, individually and as guardian of Russelita, joined by his wife and Russelita, entered into a written contract to sell the land to Charlie Baker for $3,500, of which $500 was paid in cash and the remaining $3,000 was to be paid upon confirmation of the sale by the judge of the Madison circuit court. The guardian then filed suit in the Madison circuit court under § 489(8) of the Civil Code of Practice, now KRS 389.010(13), against his ward who resided in Ohio, averring he owned a life estate in the land, which at his age of 35 amounted to 64.98% therein, and his ward had the remaining interest; that he relinquished and waived his life estate and gave it to his daughter. He asked the court to approve the sale as being for the best interest of his ward and the proceeds be reinvested in United States bonds. Hon. Clay Shackelford was appointed guardian ad litem by the court for the service of process on the infant and at the next term of the circuit court was appointed guardian ad litem to defend for her.

After proof was taken showing it was for the best interest of the infant that the sale be confirmed, a judgment was entered approving the sale and adjudging the father had made an irrevocable gift of his life estate to his daughter and his unborn children, and that the proceeds of the sale be invested in United States bonds in the name of Russelita and his unborn children. The record shows since the entry of that judgment another child was born to the guardian and his wife.

However, no bond was executed as required by Code § 489(8), now KRS 389.010 (15), and the father took possession of the proceeds of the sale after the payment of the cost and allowances. A rule was issued against him at the instance of the guardian ad litem, and after that official had filed an amended supplemental answer, counterclaim and cross-petition against McKeehan and his surety, McKeehan paid to the master commissioner of the Madison circuit court $3,778.64, representing the entire amount, with interest, received by him from the sale of the land. An order was entered directing the master commissioner to invest this sum in United States bonds.

At a subsequent term the surety in a pleading styled "Answer to amended and supplemental counter-claim and cross-petition, also cross-petition and counter-claim against Charlie Baker and Alva Baker", asked that the judgment approving the sale be set aside and that it be released as surety on the guardian's bond, since the guardian had paid into court all funds going to his ward, and due to the fact that the appointment of the guardian was void since he was not a resident of this state when he qualified, and because no bond was executed as required by the Civil Code.

Charlie Baker had sold this land to Alva Baker and this pleading brought the two Bakers before the court and asked they be

adjudged to have no interest in the land. Charlie Baker filed answer, counter-claim and cross-petition, pleading the appointment of the guardian was not void but if the court should hold it was and set aside the sale, then he should recover the purchase price from the guardian and the surety.

As stated at the outset of this opinion, the chancellor held the guardian's appointment was void, discharged the surety on his bond and set aside the order approving the sale.

The position of appellants is that the order appointing the guardian is not void, therefore not subject to collateral attack; that the failure to execute bond before the approval of the sale as required by the Civil Code, now KRS 389.010(15), was not important since the guardian has paid the money into court. They further call attention that KRS 389.010(17) provides no defect or error in the proceeding for the sale of the infant's land shall render a sale void unless such would make it so if all persons were sui juris.

Appellees insist since the record shows the guardian had been a nonresident of Kentucky for 28 years and as both he and his ward were nonresidents when he qualified, his order of appointment is void. Furthermore, they contend the case is now moot because the guardian has paid the money into court, which fact releases him and his surety.

 This record conclusively shows the guardian was, and has been, a nonresident of Kentucky for 28 years and his ward was likewise a nonresident. In fact, the chancellor ordered the guardian to execute a bond for cost required of a nonresident. We are not impressed by the argument of appellants that these facts do not show the guardian was a nonresident the day he qualified as such for his daughter. However, the county court had jurisdiction of the parties and the subject matter since McKeehan appeared before the county judge and made oath he was a resident of Kentucky, and KRS 387.020 provides that where a nonresident owns land in Kentucky, the jurisdiction to appoint a guardian is in the county court of that county in which some portion of the real estate may lie. The appointment of guardians is exclusively within the jurisdiction of county courts, and as the Madison county court had jurisdiction of the parties and of the subject matter, it cannot be said with reason that the order of appointment was void and subject to the collateral attack sought to be made on it here. Poynter v. Smith, 290 Ky. 169, 160 S.W.2d 380; Hunt v. Irwin, 301 Ky. 726, 193 S.W.2d 154, and the many authorities cited in these two cases.

 It is admitted the judgment approving the sale was erroneous when it ordered the proceeds thereof paid to the guardian before he had executed bond as required by KRS 389.010(15). But this proved to be harmless error and nobody was hurt since the money was paid into court and the master commissioner has it now invested in United States bonds. This would not be ground for reversal if all parties were sui juris, and under KRS 389.010(17) it is no ground for reversal where infants are involved.

We cannot agree with appellees that this is a moot case merely because the infants' money was in the hands of the master commissioner before this appeal. In the first place, if the judgment stands wherein the chancellor set aside the order approving the sale, the infants may very well lose something over $2,500, the value of the life estate the father and guardian released to his then ward and unborn children which that order adjudged was an irrevocable gift. In the second place, the Maryland Casualty Company is bound as surety on the guardian's bond and for all we know the guardian may have collected other money going to his wards.

The judgment is reversed with directions that one be entered in conformity with this opinion.